## HOPKINS v. DAVIS.

(Supreme Court, Appellate Division, Second Department.    December 31, 1897.)

1. SALE—EXECUTORY CONTRACT—TITLE.

   Plaintiff, the owner of a mare, allowed one P. to take her to try, and subsequently accepted a proposition from P. that the latter would train her, and enter her, and, if she got any of the stakes in the first three races, he would give $300 for her.  No payment was made.  In an action of replevin to recover the mare from defendant, in whose possession she was found, the latter alleged a purchase from P.  *Held*, that the facts did not tend to show a sale from plaintiff to P. on credit, and therefore the transaction was merely executory, and the title remained in plaintiff.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.

   If (which is not determined) the original contract fell within the statute as to conditional sales (Laws 1884, c. 315), requiring the filing of a copy of the contract of sale, defendant's failure to raise the point at the trial would prevent the consideration of it on appeal.

3. REPLEVIN—DAMAGES.

   In an action of replevin, to recover personal property from a person in whose possession it happens to be found, if there is no evidence of how long the possession has continued, a verdict for more than nominal damages is not justified.

Appeal from trial term.

Action by German Hopkins against Robert L. Davis.  From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.    Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James P. Niemann, for appellant.
Augustus N. Weller, for respondent.

CULLEN, J.    This is an action of replevin to recover possession of a mare.    Plaintiff gave possession of the mare to one Pickhardt, for the purpose of trial, and afterwards negotiations were had between the parties respecting a purchase by the latter.    The plaintiff's testimony was to the effect that Pickhardt offered to buy at the price of $250, which offer he refused, demanding $300; that thereupon Pickhardt proposed that he would train the mare, enter her, and, if she got any of the stakes in the first three races in which she started, he would give $300 for her.    The plaintiff acceded to that proposition.    Pickhardt never paid for the mare, and the plaintiff brought this action for her recovery from the defendant, in whose possession she was at the time.    The defendant claimed that he had purchased the mare from Pickhardt for the price of $450, paying $180 in cash and the remainder by crediting Pickhardt the amount on a debt due from him to the defendant.

If the transaction between himself and Pickhardt was as testified to by the plaintiff, then no title passed.    It was, at most, an executory contract of sale, only to be effective upon the contingency that the mare should, in the first three races, succeed in winning some portion of the stake.    In case she did not succeed in winning some portion of a stake, there was no agreement whatever between

the parties for her sale. Unless credit be expressly or impliedly given, the law presumes that payment is to be made in cash upon the delivery of the article sold. This right may be waived by the vendor by making delivery without exacting payment. In this case it was necessary that Pickhardt should have possession of the mare to determine whether he would purchase her or not. Therefore there was nothing in either the original delivery of the mare to him, or in his subsequent retention of possession, which tended to show that any credit was extended to him by the plaintiff. If the plaintiff's account of the transaction is true, no title would pass to Pickhardt until he paid for the mare. The motion to dismiss the complaint was, therefore, properly denied.

Against the objection and exception of the defendant, the plaintiff was asked: "Have you ever parted with the title?" to which he answered: "Of course not." The question was improper, as its answer involved, not only a question of fact, but also a conclusion of law. But we think it harmless; for, if the plaintiff's previous testimony was true, his statement that he never parted with the title was correct. So all the answer amounted to was a reiteration of his former testimony.

On this appeal the defendant contends that the contract testified to by the plaintiff falls within the law as to conditional sales (chapter 315, Laws 1884), and that the sale should be held absolute as against the defendant, whatever may be its effect as between the original parties; because no copy of the contract of sale was filed as required by the statute. It is sufficient to say that no such point was raised on the trial. If it be assumed that the contract falls within the terms of the statute (which we do not determine), it would not avail the defendant, unless he was a bona fide purchaser for value. To obtain the benefit of the statute, the burden rested upon him to affirmatively prove that fact. His testimony and that of Pickhardt, they being interested parties, was not conclusive on the question; and the jury were at liberty to discredit them. No request was made to have the jury pass on the question, nor was the point in any manner presented. It is, therefore, not available now.

We can find nothing in the case which justified a verdict for more than nominal damages for the detention of the property. It does not appear how long the defendant had possession of the mare, and the action is against him, not against Pickhardt.

The judgment and order appealed from should be reversed, and new trial granted, costs to abide the event, unless the plaintiff stipulates to remit the damages awarded him for the detention of the property, in which case the judgment, as modified, should be affirmed, without costs to either party. All concur.