RATHOWSKY v. DUNN, Sheriff.

(Supreme Court, Trial Term, New York County. May, 1900.)

1. SALE—DELIVERY WITHOUT PAYMENT—TITLE TO GOODS—QUESTION FOR JURY.
Where plaintiff sold goods to be paid for in cash if satisfactory, and if unsatisfactory to be returned, and such goods were attached while in the hands of the purchaser, in action for conversion it was error to dismiss plaintiff's complaint on the theory that he lost title to the goods, as the question whether on delivering goods without exacting cash he waived that condition precedent was one of fact for the jury, depending on intention of the parties.

2. SAME—ATTACHMENT—CONVERSION.
Where plaintiff sold goods on approval, a sheriff attaching such goods at the instance of his creditors, in the hands of the purchaser, is liable to the owner for conversion.

Action in trover for conversion by Abraham Rathowsky against Thomas J. Dunn, sheriff of the county of New York. After dismissal of plaintiff's complaint, he made a motion for a new trial. New trial ordered.

G. A. Rogers, for the motion.
M. D. Steuer, opposed.

McADAM, J. · The plaintiff sold to one Bloom a quantity of goods selected by his agent and buyer, Mr. Cooperman, who agreed upon the prices therefor, aggregating $350.55. The understanding was that the goods were to be delivered to Bloom, and, if satisfactory, were to be paid for in cash; if not satisfactory, they were to be returned. Nothing was said as to the vendor retaining title till the goods were paid for. The goods were delivered to Bloom in a package addressed to him by name. No payment was made therefor, and the question presented at the trial was whether the plaintiff lost title by such delivery. The complaint was dismissed on the theory that the plaintiff had lost title. This was error. Whether the vendor, by delivering the goods without exacting the cash, waived that condition precedent was one of fact for the jury, depending on the intention of the parties. Klee v. Grant, 4 Misc. Rep. 88, 23 N. Y. Supp. 855; Elgee Cotton Cases, 22 Wall., at page 188, 22 L. Ed. 863; Hopkins v. Davis, 23 App. Div. 235, 48 N. Y. Supp. 745; Adams v. Lumber Co., 159 N. Y. 176, 53 N. E. 805; Russell v. Minor, 22 Wend. 662; Fleeman v. McKean, 25 Barb. 474; Dows v. Dennistoun, 28 Barb. 393; Dows v. Kidder, 84

N. Y., at page 127. In Leven v. Smith, 1 Denio, at page 573, the court said:

"The goods in question were sold for cash, to be paid on delivery. Payment and delivery were to have been simultaneous. No credit was given, and there is no evidence that the delivery to the defendant was intended to be absolute, or that the condition of payment was waived, and the mere handing over of the goods, under the expectation of immediate payment, did not constitute an absolute delivery. The defendant, after such delivery, held the goods in trust for the plaintiffs until payment was made or waived."

The defendant took the property on writs of replevin at the instance of other creditors who had no right to them, and the taking by the defendant constituted an unwarranted trespass, for which he is liable to the plaintiff.

New trial ordered.