COHOES IRON FOUNDRY AND MACHINE COMPANY, Appellant, *v.*
JAMES E. GLAVIN, Respondent.

Third Department, December 29, 1919.

Sales — validity of unfiled conditional sale contract for elevator to
be placed in building thereafter to be constructed as against
subsequent mortgage on building — elevator constituting chattel
" attached " to building within section 62 of Personal Property
Law — subsequent bona fide building and loan mortgage recorded
before installation of elevator.

An elevator installed in a building becomes a part thereof and must be
regarded as a part of the realty, and is a chattel " attached " within the
meaning of section 62 of the Personal Property Law providing that a
conditional sale contract of any chattels attached to a building shall be
void as against subsequent *bona fide* incumbrancers unless said contract
is filed on or before the delivery of the goods.

A building and loan mortgage, executed and recorded before an elevator was
installed, given to raise money to construct the building including the
elevator, and referred to in the building loan contract which provided
that payments should be made by the mortgagee as the work of con-
struction progressed, and that the final payment should not be made until
the building was completed, did not become effective as to its full amount
till after the elevator had been completely constructed and it was, there-
fore, a subsequent *bona fide* mortgage within the meaning of section 62
of the Personal Property law.

APPEAL by the plaintiff, Cohoes Iron Foundry and Machine
Company, from a judgment of the Supreme Court in favor
of the defendant, entered in the office of the clerk of the county
of Albany on the 7th day of June, 1919, after a trial before
the court without a jury.

*Andrew P. McKean* [*James Farrell* of counsel], for the
appellant.

*Daniel J. Dugan* and *Isadore Bookstein*, for the respondent.

COCHRANE, J.:

In April, 1917, the plaintiff made a written contract with
one Breslin to manufacture and install an elevator in a two-
story brick garage which Breslin contemplated building.
The contract was a conditional contract of sale providing that

the title to the elevator should remain in the plaintiff until payment was complete. This contract was never filed. Breslin did not at the time own the real estate but evidently expected to do so and on June 9, 1917, it was conveyed to him and his wife. On the same day they made a building loan contract with the defendant whereby the defendant agreed to loan $12,000 for the construction of the building according to certain plans and specifications therefor which plans and specifications showed the elevator in question and its appurtenances. This contract was filed but apparently was not recorded. On the same day June 9, 1917, Breslin and wife executed a bond and mortgage for the said sum of $12,000 to the defendant which mortgage was recorded August 3, 1917. The bond and mortgage made no reference to the building loan contract but this latter contract referred to the mortgage and provided that the money should be advanced by the defendant in installments as the building progressed, specifying at what stage in the progress of the building the installments should be advanced. According to this contract the last installment of $4,000 was to be paid Breslin when the building was completed and ready for occupancy. The building thereafter was constructed. The plaintiff commenced its installation of the elevator and work thereon in September after the mortgage of the defendant was recorded. When the building was completed, the defendant, according to the terms of the buliding loan contract with Breslin, advanced $4,000, which was the last installment constituting the consideration of the mortgage. The elevator at that time had been completely installed by the plaintiff. Default having been subsequently made in the payment of the defendant's mortgage it was foreclosed and the defendant at the foreclosure sale became the purchaser of the property. At that time plaintiff claimed ownership of the elevator and appurtenances by virtue of its conditional contract of sale on which there was unpaid the sum of $1,292.50. Up to that time the defendant knew nothing of said conditional contract. The defendant having refused to permit the plaintiff to remove the elevator the plaintiff brings this action for a conversion of the same.

Section 62 of the Personal Property Law provides as follows: " Every such contract for the conditional sale of any goods

and chattels attached, or to be attached, to a building, shall be void as against subsequent *bona fide* purchasers or incumbrancers of the premises on which said building stands, and as to them the sale shall be deemed absolute, unless, on or before the date of the delivery of such goods or chattels at such building, such contract shall have been duly and properly filed    *    *    *."

The plaintiff claims that this elevator was not " attached " to the building as contemplated by the above statute, relying on the fact that it could be removed and the different parts installed in some other building and that the building in question after removal would not be injured. That argument could just as well apply to the doors and windows of the building. An elevator naturally becomes part of a building and is regarded as part of the realty. In *Central Union Gas Company* v. *Browning* (210 N. Y. 10) it was held that gas ranges installed in housekeeping apartments did not lose their characteristics as personal property and were not " attached " to the building within the meaning of the statute, the court saying: " This is not such an attachment to the building as would give a mortgagee any right of ownership as against his mortgagor." Here as between Breslin and the defendant there can be no doubt that this elevator passed under the Breslin mortgage to the defendant or that it would have passed to Breslin's grantee under a deed of the realty. As against his mortgagee or grantee Breslin would not be permitted to remove the elevator. It was, we think, attached to the building within the meaning of the statute.

The plaintiff also contends that the defendant was not a subsequent *bona fide* mortgagee because his mortgage was executed and recorded before the elevator was installed. The mortgage was given to raise money to construct the building including this elevator. The building loan contract which accompanied the mortgage referred to the plans and specifications which showed the installation of this elevator. The money was advanced from time to time as the building progressed and the final consideration was not paid until the building was completed including the elevator. The mortgage consequently did not become effective as to its full amount until after the elevator had been completely constructed. The

last installment of $4,000 under the mortgage was paid December 28, 1917, after the completion of the elevator. If at that time as an independent transaction Breslin had mortgaged or conveyed the property to the defendant for the $4,000 subject to a prior mortgage of $8,000 the statute clearly would be a protection to the defendant as against the plaintiff. That in effect was the essence of the transaction.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.