CRAINE SILO COMPANY, INC., Appellant, *v.* ALDEN STATE BANK, Respondent.

Fourth Department, November 9, 1926.

Sales — conditional sales — action against purchaser on foreclosure sale of farm for conversion of silo sold to mortgagor on conditional sale — conditional sale contract was not filed — silo was erected on concrete foundation and attached to barn by chute — mortgage foreclosed was executed before conditional sale — defendant was not subsequent purchaser in good faith under Personal Property Law, § 62 — silo was personal property.

In an action for conversion brought against the purchaser of a farm at a mortgage foreclosure sale, to recover the value of a silo, it appears that the silo was erected on a concrete foundation by the mortgagor and was connected with the barn by a chute, and that it was sold to the mortgagor on a conditional sale contract, made prior to September 1, 1922, which was not filed as required by former section 62 of the Personal Property Law. The defendant, the purchaser at the mortgage foreclosure sale, was not a subsequent purchaser for value within the meaning of former section 62 of the Personal Property Law, since it does not appear that the mortgage which was foreclosed was executed subsequent to the sale and erection of the silo and, therefore, the defendant did not show that it was a subsequent purchaser in good faith and so non-receipt by it at the sale of actual notice of the plaintiff's claim is immaterial.

In view of the finding of the official referee that the silo as constructed and located could be readily and easily removed and detached without damage, destruction or injury to the real estate, and in view of the apparent intention of the vendor and vendee of the materials constituting the silo, as evidenced by the conditional sale contract, that they were to be and remain personal

property, it is held, as a matter of law, that as to the defendant said silo was personal property and did not pass on the mortgage foreclosure sale as a part of the real property.

APPEAL by the plaintiff, Craine Silo Company, Inc., from a judgment of the Supreme Court, as amended, in favor of the defendant, entered in the office of the clerk of the county of Erie on the 1st day of September, 1925, upon the report of an official referee appointed to hear and determine the whole issues.

*Hubert L. Brown,* for the appellant.

*Edmund F. Cooke,* for the respondent.

TAYLOR, J. Prior to September 1, 1922, the appellant sold personal property, to wit, material for building a silo, to one Mootz, under a conditional sale contract. The contract was never filed pursuant to statute. From this material a silo was erected upon a farm owned by Mootz. It rested in concrete and was attached by a chute to a barn on the premises. Later, a mortgage standing against the real estate was foreclosed. At the foreclosure sale the real estate was bid in by respondent, a junior mortgagee. The silo material not having been fully paid for, appellant demanded the property from respondent. Upon refusal of respondent to comply with the demand, appellant sued for conversion and has been defeated.

Section 62 of the Personal Property Law of 1909 (as amd. by Laws of 1920, chap. 635), which in substance is now section 65 *et seq.* of the Personal Property Law (as added by Laws of 1922, chap. 642, known as the Uniform Conditional Sales Act),* provides, in substance, that all conditions and reservations in a contract for the conditional sale of goods and chattels accompanied by delivery of the articles to be sold, to the effect that the ownership of such articles is to remain in the conditional vendor until they are paid for, shall be void as against subsequent purchasers, pledgees or mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale, containing such conditions and reservations, or a true copy thereof, be filed as directed.

Upon the trial the burden of proof was upon respondent to show either that the silo constructed and attached to the realty was a fixture or, if it were personalty, that respondent was a " subsequent purchaser or mortgagee in good faith " under the Personal Property Law. (*Cutler Mail Chute Co. v. Crawford,* 167 App. Div. 246 )

The respondent obtained no better title to the silo than that of the mortgagee of the mortgage foreclosed. (*Central Union Gas Co. v.*

---

* See Laws of 1922, chap. 642, § 3, saving conditional sales made prior to repeal of former statute.— [REP.

*Browning,* 210 N. Y. 10.)    And no evidence having been presented to prove that the mortgage foreclosed was executed subsequent to the erection of the silo, the respondent failed to sustain the burden of proof resting upon it under section 62 of the Personal Property Law (now Personal Property Law, § 65 *et seq.,* as added by Laws of 1922, chap. 642, *supra*) to show that it was a subsequent purchaser in good faith.    (*Cohoes Iron Foundry & Machine Co.* v. *Glavin,* 190 App. Div. 87.   See, also, *McCloskey* v. *Henderson,* 231 N. Y. 130.)

So non-receipt by respondent at the sale of actual notice of appellant's claim is immaterial.

The silo material, being personalty as between appellant and Mootz under the conditional sale contract, remained such as to this respondent unless, as a matter of law, it became realty after being attached to the real property as part of the erected silo. (*Central Union Gas Co.* v. *Browning, supra; Foreman* v. *Nordon Constr. Co., No. 1,* 167 App. Div. 712.)

Whether or not personal property when attached to realty becomes a fixture, a part of the realty, is usually a mixed question of law and fact.   The determination of this question involves, as a rule, a consideration of the character of the annexation, the use to which the annexed personal property and the realty to which it is annexed are to be put and the intention of the parties involved.   (*Gould* v. *Springer,* 206 N. Y. 641; *Matter of City of New York, Hawkstone St.,* 137 App. Div. 630; affd., 199 N. Y. 567.)

In the instant case the learned official referee has found that this silo as constructed and located " could be readily and easily removed and detached without damage, destruction or injury to the real estate."   From this finding and from the intention of the vendor and vendee of these materials as made evident by the conditional sale contract, we are unable to say that this silo was realty as a matter of law.   On the contrary, we find that it was personalty as to this respondent.   A like conclusion under similar circumstances was reached in *Creamery Package Mfg. Co.* v. *Horton* (178 App. Div. 467).

The judgment appealed from should be reversed on the law and facts and judgment ordered for appellant.   Certain findings should be stricken out, modified and reversed and new findings made, with costs to appellant.

HUBBS, P. J., DAVIS, SEARS and CROUCH, JJ., concur.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff for $200 with interest from December 1, 1919, with costs.   Certain findings disapproved and reversed and new findings made.