OPINION OF THE COURT
John R. Tenney, J.
In this mortgage foreclosure action, two creditors are claiming a prior right to certain silos located on the mortgaged premises. The plaintiff claims the silos were covered under the mortgage agreement, and one of the defendants, the Marine Midland Bank, claims it has a prior lien because it has filed a UCC-1 financing statement which gives it a security interest in all of the farm products and equipment. The plaintiff met the fixture filing requirements of the Uniform Commercial Code, but that filing has lapsed because a continuation statement was not filed within five years.
The crux of this case is whether a silo is personal property or real property. Generally, New York has held that when there is a possible dispute as to the category of the property, the agreement between the parties is determining. (Madfes v Beverly Dev. Corp., 251 NY 12.) Secret agreements are not controlling and in each case it is necessary for the court to examine all of the circumstances in order to reach a conclusion regarding the intention of the parties. Here, the seller óf the silo is not a party, and the silos were attached to the realty before either claimant had created a security interest. (See Craine Silo Co. v Alden State Bank, 218 App Div 263.)
*530 This silo could be all or substantially removed from its concrete base with considerable care and expertise. However, the concrete base could not be removed without destroying it.
In the operation of a working farm, a silo must be considered a permanent structure. Once a silo is erected on farm property, it is rarely, if ever, removed. It is utilized to advance the purpose of the farm and will normally continue for the life of the farm.
This situation must be distinguished from that discussed in Craine Silo Co. v Alden State Bank (supra). The parties to this action did not enter into any agreement involving the legal status of the silo. There is no conditional sale. The Marine Midland Bank has not specifically referred to the silo in its security agreement, and there is no indication that the plaintiff had any notice of prior claims when it took its mortgage. Although plaintiff did file under the Uniform Commercial Code with reference to fixtures it would not be relevant. At best, since it existed at the time of Marine Midland’s advance, it might have served as notice.
In view of the foregoing, the plaintiff’s motion for summary judgment should be granted.