A. EDSALL DAVIS et al., Appellants, *v.* ALLASEBA BLISS, Respondent.

1. PERSONAL PROPERTY — CONDITIONAL SALE — WHEN VENDORS OF PERSONAL PROPERTY, SOLD UNDER CONDITIONAL SALE AND ATTACHED TO REAL ESTATE OWNED BY THIRD PARTY, MAY RECOVER FOR THE SAME. The vendors of an engine under a conditional sale may recover in conversion for the amount unpaid on the same after default by their vendee, against a vendor under contract of real estate to which said engine has been attached by said vendee, who was also the vendee under and had

made default upon the real estate contract, where the engine is so attached to the real estate that it can be detached and removed without serious damage or injury to the real estate and where the vendor of the latter has parted with no value and lost no rights on account of such engine, and, upon demand by the vendors of the engine, the vendor of the real estate has refused to let the former remove the engine from the premises.

2. SAME — DAMAGES — EFFECT OF SECTION 116 OF THE LIEN LAW (L 1897, CH. 418) UPON THE CONTRACT OF CONDITIONAL SALE IN QUES-TION. Provisions in the contract of conditional sale, that the title of the engine should remain in the vendors until the purchase price should be paid in full, and that upon default in payment the vendors could retake the engine without process of law, all moneys paid to be considered as having been paid for the use or damage of the engine, must be considered as modified by section 116. of the Lien Law (L. 1897, ch. 418) which provides that personal property, retaken by a vendor under a contract of conditional sale, shall be retained for a period of thirty days, during which the vendee, or his successor in interest, may comply with the contract and thereupon receive the property, and if, at the expiration of such period, such terms are not complied with the vendor may cause the property to be sold at public auction ; and where the vendors of such engine made a demand for the same upon the owner of the real estate, which was refused, and thereupon brought an action for the full value of the engine at that time, such vendors can only recover the amount remaining unpaid on the engine at the date of such conversion thereof ; since, at that date they merely had the right to retake the engine, and for thirty days hold it subject to redemption by defendant, upon payment of the unpaid purchase price, and, to avoid circuity of action, defendant was entitled to defeat their claim for possession of the engine by paying or tendering the amount unpaid thereon.

*Davis* v. *Bliss,* 105 App. Div. 636, reversed.

(Argued November 15, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 5, 1905, affirming a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Israel T. Deyo* for appellants. By the defendant's refusal to deliver the engine the plaintiffs have been deprived of their property without their consent and without process of

law. (*Miller* v. *Race*, Smith's L. C. [9th Am. ed.] 750; *Cross* v. *Marston*, 44 Am. Dec. 353; 24 Am. & Eng. Ency. of Law [2d ed.], 480–482; *Andrews* v. *Powers*, 66 App. Div. 216; *Jermyn* v. *Hunter*, 93 App. Div. 175; *McMillan* v. *Leaman*, 101 App. Div. 436; *Voorhees* v. *McGinnis*, 48 N. Y. 278; *Meagher* v. *Hayes*, 152 Mass. 228; *Fuller - Warren Co.* v. *Harter*, 10 Wis. 80; *Potter* v. *Cromwell*, 40 N. Y. 287; *Murdock* v. *Gifford*, 18 N. Y. 28.) The facts and circumstances attending the installation of the engine in question on defendant's real property were wholly insufficient to impress it with the character of real estate, so that the title would pass to defendant upon Lyon's surrender of his land contract. (*McMillan* v. *Leaman*, 101 App. Div. 438; *Potter* v. *Cromwell*, 40 N. Y. 287; *Voorhees* v. *McGinnis*, 48 N. Y. 278; *Hoyle* v. *P.*, etc., *R. R. Co.*, 54 N. Y. 314; *Kribbs* v. *Alford*, 120 N. Y. 519; *G. M. M. Co.* v. *Quinn*, 76 N. Y. 23; *Cochran* v. *Flint*, 57 N. H. 514; *Gen. Electric Co.* v. *T. E. Co.*, 57 N. J. Eq. 460; *Shoemaker* v. *Simpson*, 16 Kan. 43; 1 Washb. Real Prop. [4th ed.] 8.) The defendant having had constructive, if not actual, notice that Lyon would or might put upon the property machinery subject to lien for purchase price, and having thus consented thereto, can have no other or better rights in the engine than Lyon had, and cannot either in law or upon principles of equity and good conscience claim title thereto as against plaintiffs. (*Ford* v. *Cobb*, 20 N. Y. 349; *Sheldon* v. *Edwards*, 35 N. Y. 279; *Voorhees* v. *McGinnis*, 48 N. Y. 278; *Tifft* v. *Horton*, 53 N. Y. 377; *Curtis* v. *Riddle*, 7 Allen, 185; *Hendy* v. *Dinkerhoff*, 57 Cal. 3; *Burrill* v. *W. L. Co.*, 65 Mich. 571; *Harris* v. *Hackley*, 127 Mich. 46; *Kerby* v. *Clapp*, 15 App. Div. 37.)

*Carlos J. Coleman* for respondent. The engine having been attached to the mill became a part of the realty as between the plaintiffs, the vendors of the engine, and the defendant, the vendor of the mill property, notwithstanding the agreement between the plaintiffs and Lyon that the title

to the same should remain in the plaintiffs until paid for, and the defendant upon regaining possession of the mill property after Lyon had defaulted in his contract for the purchase of the same was not obliged to pay for the engine or the appliances connected therewith or submit to their removal. (*McFadden* v. *Allen*, 134 N. Y. 489, 490; *Voorhees* v. *McGinnis*, 48 N. Y. 278, 282; *Chandler* v. *Hamell*, 57 App. Div. 305; *Ford* v. *Cobb*, 20 N. Y. 344; *Smyth* v. *Sturgis*, 108 N. Y. 495; *Andrews* v. *Powers*, 66 App. Div. 216; *McMillan* v. *Leaman*, 101 App. Div. 436; *Hutchins* v. *Matterson*, 46 Tex. 551; *Haven* v. *Emory*, 33 N. H. 69.) The fact that this engine was placed in the mill by Lyon, instead of the plaintiffs, without the knowledge or consent of the defendants, does not make any difference as to the legal rights of the parties to this action. (Broom's Leg. Maxims, 463; *Pinkham* v. *Mattox*, 53 N. H. 604; *Fifield* v. *F. Nat. Bank*, 148 Ill. 163; *Spencer* v. *Spencer*, 3 Jones Eq. 404; *Voorhees* v. *McGinnis*, 48 N. Y. 278; *Trustees, etc.*, v. *Smith*, 118 N. Y. 634.)

HISCOCK, J. There is involved in this action the question whether a vendor of personal property under a conditional sale may recover in conversion for the same after default by his vendee, against a vendor under contract of real estate to which said personal property had been attached by said vendee, who was also the vendee under and had made default upon the real estate contract.

The trial court and the Appellate Division by a divided vote held that he could not. We think this decision was erroneous and must be reversed.

Plaintiffs, being manufacturers of gasoline engines, sold one to one Lyon under a written contract whereby the purchase price of $922.50 was to be paid, part upon delivery and the remainder in three installments, it being expressly agreed that the title to such machinery should remain in said vendors until said purchase price was paid in full, and in default of payment, or any part thereof, the vendors were authorized to

take charge of and remove said property without process of law, all moneys paid being considered as having been paid for use of or damage to the machine.

Lyon at the time of delivery was in possession of certain real estate consisting of a mill, under a contract with defendant for the purchase of the same by payment to be made in installments. Said contract contained two special clauses to which reference will be made hereafter. One of these provided for payment to the extent of $1,000 by " improvement of said property by labor, repairs and new machinery, unincumbered by mechanic's lien, mortgage or purchase price." The other was to the effect that all improvements, repairs or machinery placed upon the premises should become a part of the realty not to be removed without the consent of the vendor.

Lyon installed the engine in the building on the premises by placing and bolting the same upon and to a substantial foundation constructed of cement and other materials and by running an exhaust pipe from the floor of the engine room through the floor, ceiling and roof of the building, and by connecting the engine by two underground pipes with a gasoline tank set outside the building and also by belts with the shafts in the mill.

After he had paid all but part of one of the installments upon the engine and some expenses alleged to have been contracted in his behalf by plaintiffs, he made default in his contract and by a written instrument attempted to turn back and surrender said engine to them. He likewise had become in default upon his contract with defendant, and upon the day following the delivery of said last-mentioned instrument surrendered to her the premises with the engine still attached thereto. There having been a demand by plaintiffs for the latter and refusal by defendant, this action of conversion was brought.

We shall assume that under ordinary circumstances the engine would have become a part of the realty. Upon the other hand, we regard it as too well settled to require discus-

sion that the results which would ordinarily flow from attaching such a piece of personal property as this was to the real estate in such a manner as this was attached may be controlled by special circumstances, and the character of the article as personal property be preserved not only as against the vendee but also, in the absence of statutory provision, as against the mortgagee, owner and, under certain circumstances, the subsequent grantee of the real estate.

The agreement between plaintiffs and Lyon clearly and conclusively, as matter of law, indicated the intent of those parties that the engine should remain personal property until it was paid for, and this agreement under the circumstances of this case, was binding upon defendant. (*Tifft* v. *Horton*, 53 N. Y. 377; *Kerby* v. *Clapp*, 15 App. Div. 37; *Godard* v. *Gould & Strong*, 14 Barb. 662; *Ford* v. *Cobb*, 20 N. Y. 344; *Sisson* v. *Hibbard*, 75 N. Y. 542; *Phœnix Mills* v. *Miller*, 4 N. Y. S. R. 787, 790.)

While the cases cited do not happen to have arisen between the vendor of personal property under a conditional sale and the vendor of real property under a contract of sale to the vendee of the personal property, it is manifest that no more favorable rule should apply in favor of such a vendor of real property who, as in this case, has not advanced or lost anything on account of the annexed personal property, than would apply in favor of a mortgagee or subsequent grantee of the premises.

Without quoting from the opinions in the cases referred to, it may be briefly stated that their reasoning is fully broad enough to cover this case.

Because, as stated, the defendant did not in any manner part with value or lose any rights on account of the engine attached to the premises, there is no opportunity for the operation of any principle of estoppel and various authorities cited in her counsel's brief relating to cases of purchasers for value are rendered inapplicable.

We do not lose sight of the provision in her contract with Lyon, that all the machinery placed upon the premises should become a part of the realty. While it was competent to

make this arrangement between her and her vendee, they could not, of course, make an agreement whereby would be destroyed the superior rights of plaintiffs, they not being a party to the agreement. In fact, the other clause quoted from defendant's contract with Lyon to the effect that new machinery "unincumbered by mechanic's liens, mortgage or purchase price," would be accepted in payment, fairly justifies the inference that the parties to that contract contemplated the installment upon the premises of machinery which would be subject to certain rights in favor of the vendor thereof for any unpaid purchase price.

Considerable stress is placed by respondent upon the circumstance that when Lyon installed plaintiffs' engine he took out an old one which was in the building and appropriated to his own use some small proceeds derived from the sale of the latter. It is not, however, perceived that this has any effect upon the rights of the parties to this action. The old engine was removed and the new one installed without knowledge upon the part of defendant, and, therefore, there was no consent by her to the removal of the old and the appropriation of its proceeds by Lyon in reliance upon its being replaced by the new one. If she has been wronged by what took place she has her right of action against the wrongdoer.

It doubtless is the rule that personal property may be so firmly attached to or thoroughly and substantially made a part of the realty that its character as personalty will not be preserved even by special agreement intended to accomplish that result. But that is not the present case. The evidence shows undisputedly, and the referee has found, that the engine in question could readily be detached and removed from the building without tearing down any part of or causing any serious damage to the latter and without at all destroying or impairing the usefulness of the former. The case in this respect is more favorable to the plaintiffs than were some of those cited *supra*, and *Duntz* v. *Granger Brewing Co.* (41 Misc. Rep. 177, affirmed without opinion, 184 N. Y. 595), where it was held that the attachment of personal property to

realty was not sufficient to destroy its character as personal property against one entitled to claim it as such.

The more troublesome question arises as to the extent of the recovery which plaintiffs should be permitted to have upon the facts as they now appear. At the time of the alleged conversion their real, equitable interest in or on account of the engine consisted of a claim for the small unpaid portion of the purchase price, plus, possibly, for we do not decide that, some claim for disbursements on account of their vendee. Their agreement, however, with the latter, as we have seen, provided for their retaining general title to the property until all of the purchase price had been paid, and they have brought this action upon the assumption that thereby they were entitled to full and general possession and retention of the engine, or in lieu thereof to recover its full value at the time of the conversion, and that they are not limited in recovery as for a special interest therein to the amount unpaid on it.

There has been disagreement in the authorities of other states over this question in the case of a conditional sale. It was held that recovery could be had as for a special interest only to the extent of the unpaid purchase price in *Johnston* v. *Whittemore* (27 Mich. 463); *Morton* v. *Frick Co.* (87 Ga. 230); *Woods* v. *Nichols* (21 R. I. 537); *Rose* v. *Story* (1 Pa. St. 190).

Upon the other hand, the principle was upheld that a recovery could be had for the full value of the property in *Colcord* v. *McDonald* (128 Mass. 470); *Brown* v. *Haynes* (52 Me. 578); *Buckmaster* v. *Smith* (22 Vt. 203); *Angier* v. *Taunton Paper Co.* (1 Gray, 621).

While our attention has not been called to any authority in which this question has been extensively discussed by the courts of our own state, it has necessarily been involved in cases and the weight of the decisions and the tendency of whatever was said is in favor of limiting the recovery of the conditional vendor to the amount unpaid upon his chattel.

In *Berner* v. *Kaye* (14 Misc. Rep. 1, 4) a recovery was

allowed for the full value of the chattel, but it did not appear that any payments had been made and for that reason the court refused to sustain the contention made for the first time upon appeal that the recovery was excessive.

In *Arosemena* v. *Hinckley* (11 J. & S. 43) the court limited the recovery to the value of the chattel, less the amounts paid on the purchase price thereof.

In *Godard* v. *Gould* (14 Barb. 662) the court assessed the plaintiff's damages at an amount which the statement of facts prefixed to the opinion shows must have been the value of the property as reduced by payments. .

In *Kerby* v. *Clapp* (15 App. Div. 37) a recovery was allowed for what is stated in the annexed opinion of the referee to have been the full value of the property, but it would rather appear (p. 38) that nothing had been paid. At least the contrary did not appear.

But if it should be held that upon the bare agreement of conditional sale as it was written by the parties, plaintiffs would be entitled to recover the full value of their engine without regard to the payments which had been made thereon, we think that this agreement was so modified by statute as to limit the recovery to the amount unpaid.

Section 116 of the Lien Law (Chapter 418, Laws of 1897), provides that: "Whenever articles are sold upon the condition that the title thereto shall remain in the vendor * * * until the payment of the purchase price, * * * and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction." When Lyon abandoned his contract and surrendered possession of the real property, including the engine, to the defendant, she became his successor in interest within the meaning of the statute quoted,

for we do not think that his prior purported transfer of the engine to plaintiffs, after default to both plaintiffs and defendant, unaccompanied by any delivery of possession, changed the situation of the parties. At that time, whatever rights defendant had, could not be impaired in such manner. Plaintiffs' right to succeed in this suit is to be decided by conditions as they existed at the time when they brought it. At that date they merely had a right to retake the engine, and for thirty days hold it subject to redemption by defendant, claiming through Lyon, upon payment of the unpaid purchase price, and, to avoid circuity of action, defendant was entitled to defeat their demand for possession of the engine by paying or tendering the amount unpaid thereon. Therefore, at the time when the action was commenced, under this statute plaintiffs' situation was not unlike that of a mortgagee with part of his mortgage unpaid, and it is well settled that such a party in case of a conversion by the mortgagor or his successor in title would be limited to a recovery of an amount equal to such unpaid portion. (*Clark* v. *McDuffie*, 49 N. Y. S. R. 535; *Chadwick* v. *Lamb*, 29 Barb. 518; *Allen* v. *Judson*, 71 N. Y. 77; *Parish* v. *Wheeler*, 22 N. Y. 494.)

We think the same measure must be applied to plaintiffs and that their damages must be limited to the amount which was unpaid on account of the engine at the date of conversion, it not being intended, for lack of sufficient evidence, to pass upon the item for alleged expenses in connection with the engine.

The judgment should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment reversed, etc.