CROXSON v. FLYNN PLUMBING & HEATING CO.

(Supreme Court, Special Term, New York County. July, 1912.)

1. FIXTURES (§ 27*)—MORTGAGEE OF LAND AND VENDOR OF CHATTELS.

Where plumbing fixtures, sold pursuant to a contract stipulating that they should preserve their character as personalty after their physical annexation to the realty of the buyer, became, on installation, a part of the realty, so that they could not be removed without substantial injury to the freehold, they became, when annexed, subject to a prior recorded mortgage on the realty.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 5, 22, 25, 44, 45, 54; Dec. Dig. § 27.*]

2. FIXTURES (§ 27*)—MORTGAGEE OF LAND AND VENDOR OF CHATTELS.

Plumbing fixtures, consisting of washout closets, oak tanks, iron backs, cocks and overflows, basins with cocks and traps, trays, covers, and legs, hot water boiler, and heater, were, as between seller and buyer for installation in a building, proper subjects for an agreement that they should retain their character as personalty, notwithstanding their installation, and a mortgage on the goods to secure the price, executed and recorded before installation, gave the seller an interest therein, unaffected by notice of a prior recorded mortgage on the realty; and the real estate mortgagee, chargeable with knowledge of the chattel mortgage, who stood by and saw the goods annexed to the realty, with knowledge that the seller expected to retain a lien on them, had no priority over the lien of the seller.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 5, 22, 25, 44, 45, 54; Dec. Dig. § 27.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mary S. Croxson against the Flynn Plumbing & Heating Company for an injunction to restrain defendant from foreclosing a chattel mortgage and from removing thereunder any plumbing fixtures installed in a building. Judgment for defendant.

On October 28, 1910, the owners of certain real property in the city of New York entered into a building loan agreement with the plaintiff providing for the erection of two apartment houses thereon. This agreement provided for the loan of $47,000, to be paid in 12 installments, and was secured by a bond and mortgage covering the real property in that sum. On November 28, 1910, the owners contracted with defendant for plumbing materials and fixtures. On February 3, 1911, the owners executed to defendant a chattel mortgage covering certain plumbing fixtures by the following description: "All washout closets, oak tanks, enameled iron backs, nickel-plated cocks and overflows, enameled iron basins with nickel-plated cocks and traps, white porcelain trays, covers and legs, enameled hot water boiler and heater, and all other plumbing and gas fixtures now installed or which may be hereafter installed in the two five-story buildings owned by the party of the first part hereto [located on the east side of Hoe avenue, 125 feet south of 173d street, in the borough of the Bronx, city and state of New York]; the said fixtures herein granted, bargained, and sold being all the fixtures mentioned and described in a certain contract dated November 28, 1910, between the respective parties hereto, and all fixtures installed or hereafter to be installed in said premises under said contract." On April 13, 1911, the chattel mortgage was filed in the office of the register of the county of New York. On the 13th day of April, 1911, bathtubs were delivered and placed on the street in front of the buildings. None of the fixtures described in the chattel mortgage were in the building prior to the 20th day of April, 1911, and were all installed subsequent to that date.

Frank Harvey Field, of New York City, for plaintiff.
Rolland R. Rasquin, of New York City, for defendant.

GIEGERICH, J. [1] If the plumbing fixtures supplied by the defendant had been of such character that, once affixed, they could not have been removed without substantial injury to the freehold, they would have become, upon installation, a part of the real property, and so subject to the plaintiff's mortgage, which was then of record; and this would have been so, notwithstanding any agreement made between the vendor and vendee of the fixtures with the intention of preserving their character as personal property after their physical annexation to the realty. Ford v. Cobb, 20 N. Y. 344; Tifft v. Horton, 53 N. Y. 377, 13 Am. Rep. 537; Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458. The defendant, furnishing fixtures of that character, and yet seeking to retain a lien upon them, would be attempting to acquire an interest in the real property, and the record of the prior mortgage upon that property would be notice to it.

[2] The fixtures here in question, however, were of a different character, and whether they should be regarded, when affixed, as still retaining their character as chattels or as having become a part of the real property to which they were annexed, might depend upon various considerations, and even upon the relations of the parties between whom the question arose. It was, at any rate, the proper subject of an express agreement between the vendor and the vendee, and the chattel mortgage was such an agreement, and clearly shows that the parties intended the fixtures to retain their character as chattels, even

after they were put in the building.  Tifft v. Horton, supra; Fitzgib-
bons Boiler Co. v. Manhasset Realty Corp., 198 N. Y. 517, 92 N. E.
1084, reversing on dissenting opinion of Scott, J., 125 App. Div. 764,
766, 110 N. Y. Supp. 225.  It follows, therefore, that since the de-
fendant was merely contracting to supply certain chattels to the owner
of the freehold, and was not acquiring or attempting to acquire any
interest in the land, the record of the existing mortgage upon the land
was not notice to him.

It is urged, however, that the chattel mortgage was void, as to the
plaintiff, because when it was made the mortgagor had neither actual
nor potential ownership of the chattels, and also because it was not
filed until two months after it was made.  However forcible these ob-
jections might be in a case proper for their application, they cannot
prevail here.  The plaintiff was chargeable with knowledge of the chat-
tel mortgage, through the knowledge of her agent before the chattels
were brought to the premises, or, at any rate before they were annexed
thereto.  She stood by and saw these chattels annexed to the realty
under an agreement by virtue of which, as she knew, the vendor ex-
pected to retain a lien upon them.  It seems to me impossible to hold
that she can now be permitted to come into a court of equity and assert
the superiority of her own lien, of which the defendant had no notice.

There must be judgment for the defendant, with costs.  Submit,
with proof of service, requests for findings in accordance with these
views.