CENTRAL UNION GAS COMPANY, Appellant, v. EDWARD
W. BROWNING, Respondent.

Real property — fixtures — gas ranges connected with gas serv-
ice pipes and removable by unscrewing a coupling and discon-
necting a stove pipe are not fixtures which may be held under a
mortgage on the property.

1. On examination of an agreement between the owner of certain
personal property and the owner of the premises on which it was
located, held, that it is by its terms more than a mere lease of such
property with an option for purchase and that it has the essential
attributes of a conditional sale.

2. Where gas ranges were connected with a building by the usual
service gas pipe and a stove pipe flue so that the one could be
severed by simply unscrewing a coupling and the other by lifting it
out of the aperture made for it, this is not such an attachment to
the building as would give a mortgagee any right of ownership as
against his mortgagor, and a purchaser at a foreclosure sale could
not acquire any greater right.

Central Union Gas Co. v. Browning, 146 App. Div. 783, reversed.

(Argued December 8, 1913; decided December 16, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department, entered
November 14, 1911, affirming a judgment in favor of
defendant entered upon a dismissal of the complaint by
the court at a Trial Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*John A. Garver* and *Carl A. Mead* for appellant.
Gas ranges are inherently personal property. (*McRea* v.
*C. Nat. Bank,* 66 N. Y. 489; *Pfluger* v. *Carmichael,* 54
App. Div. 153; *People* v. *O'Donnell,* 202 N. Y. 313;
*N. Y. Life Ins. Co.* v. *Allison,* 107 Fed. Rep. 179.)
These gas ranges did not become a part of the real estate,
as there was no such intention. On the contrary, it was
expressly agreed that the title should remain in the

owner, regardless of sale, lease or transfer of the premises. They were not installed in such manner as to become part of the building, and they were not especially adapted for use in this building. (*McKeage* v. *H. F. Ins. Co.*, 81 N. Y. 38; *Cosgrove* v. *Troescher*, 62 App. Div. 123; *Freeland* v. *Southworth*, 24 Wend. 191; *Shaw* v. *Lenke*, 1 Daly, 487; *Manning* v. *Ogden*, 70 Hun, 399; *Caldwell* v. *Glazier*, 138 App. Div. 826; *Kirchman* v. *Lapp*, 19 N. Y. Supp. 831; *Condit* v. *Goodwin*, 44 Misc. Rep. 312; *Kerby* v. *Clapp*, 15 App. Div. 37.) The contract was ·a lease, not a conditional sale. (*Otis* v. *Wood*, 3 Wend. 498; *Neidig* v. *Eifler*, 18 Abb. Pr. 353; *Austin* v. *Dye*, 46 N. Y. 500; *Lambert Hoisting Engine Co.* v. *Carmody*, 79 Conn. 419; *Braun* v. *Wisconsin Rendering Co.*, 92 Wis. 245; *Sumner* v. *Cottey*, 71 Mo. 121; *Southern Music House* v. *Dusenbury*, 27 S. C. 464; *Ludden & Bates* v. *Hornsby*, 45 S. C. 111; *Miles* v. *Edsall*, 7 Mont. 185; *Hintermister* v. *Lane*, 27 Hun, 497; *Puffer* v. *Reeve*, 35 Hun, 480; *Campbell Printing, etc., Co.* v. *Otrogge*, 13 Daly, 247; *Heryford* v. *Davis*, 102 U. S. 235.) The statute applies only to articles so affixed as to become part · of the real estate. (*Godard* v. *Gould*, 14 Barb. 682; *F. B. Co.* v. *M. R. Corp.*. 125 App. Div. 764; *Vance* v. *Vance*, 108 U. S. 514.)

*Clarence E. Thornall* for respondent. The agreements in question were clearly conditional bills of sale. (*Hoffman* v. *White Sewing Machine Co.*, 123 App. Div. 166; *Weiss* v. *Leichter*, 113 N. Y. Supp. 999; *Puffer* v. *Reeve*, 35 Hun, 480; *E. G. P. Co.* v. *Eisentrager*, 3 Misc. Rep. 707.) The conditional bill of sale was never filed. Therefore the same is void as against this defendant. (*Kirk* v. *Crystal*, 193 N. Y. 622; *Barasch* v. *Kramer*, 62 App. Div. 475.)

WERNER, J. The action is for the alleged conversion of 100 gas ranges which the plaintiff installed in certain

housekeeping apartments on One Hundred and Thirty-seventh street, New York city, under a contract between the plaintiff, which furnished the ranges, and the Ignatz Florio Company, owner of the premises, which acquired the same for the use of its tenants. There is some discussion in the briefs as to the nature of this contract, but we are satisfied that it is more than a mere lease with an option for purchase, as contended by appellant, and that it is a contract for a conditional sale. One or two excerpts from the contract will suffice to indicate the reasons for this view. The contract, after providing for a leasing and the rate of rental, further specifies that "Unless terminated in writing this agreement will be extended from year to year for a period of six years from the date hereof." And further that "It is understood and agreed that within one year from the date hereof the consumer has the option of purchasing from the company (the plaintiff) the appliances described, at the rate of $12.00 each; or when six consecutive yearly payments have been made aggregating four hundred and fifty dollars, the appliances above mentioned are to become the property of the consumer." That this contract is something more than a lease, and that it has the essential attributes of a contract for a conditional sale does not admit of doubt.

The conditional sales statute (Personal Property Law [Consolidated Laws, ch. 41; L. 1909, ch. 45], section 62, as amended in 1904) provides that "Every such contract for the conditional sale of any goods and chattels *attached, or to be attached,* to a building, shall be void as against subsequent *bona fide* purchasers or incumbrancers of the premises on which said building stands, and as to them the sale shall be deemed absolute, unless, on or before the date of the delivery of such goods or chattels at such building, such contract shall have been duly and properly filed and indexed," as directed. It is unnecessary to discuss what the rights of the plaintiff would be under this statute if the contract had been filed.

The fact is that it was not filed, and, therefore, we have to decide the naked question whether the defendant, as a *bona fide* purchaser at a foreclosure sale of the premises in which the ranges were installed, acquired any title to the ranges. Upon the facts in the record we think he did not. According to our view of the evidence, these ranges were not so "attached" to the building that, as matter of law, they became part of it. They were connected with the building by the usual service gas pipe and a stovepipe flue. The one could be severed by simply unscrewing a coupling and the other by lifting it out of the aperture made for it. This is not such an attachment to the building as would give a mortgagee any right of ownership as against his mortgagor, and we do not see how a purchaser at a foreclosure sale could acquire any greater right. We think that these ranges, situated as they were, lost none of their characteristics as personal property. (*Cosgrove* v. *Troescher*, 62 App. Div. 123; *Fitzgibbons Boiler Co.* v. *Manhasset Realty Corp.*, 125 id. 764; reversed on dissenting opinion of SCOTT, J., 198 N. Y. 517.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment reversed.