Sarah M. De Bevoise et al., Respondents, *v.* Maple
   Avenue Construction Company et al., Defendants,
   and Louis Fishman et al., Appellants.

**Fixtures — conditional bills of sale — when express agreement upon sale of articles, usually designated as fixtures, that they should remain personal property even though annexed to realty, effective — when fact that removal would expose small part of unplastered wall not determinative of question as to whether articles were fixtures.**

1. Where bills of sales of stationary tubs, bathtubs and similar articles, sold to be placed in houses in course of construction, disclose that it was the expressed intention of both vendor and vendee that the chattels enumerated therein were to retain their character as personal property even should they be annexed to the realty, such contract is effectual, subject only to limitation where the subject or mode of annexation is such that the attributes of personal property cannot be predicated of such articles, as where the property cannot be removed without destroying it, or where it or part of it is essential to the support of that to which it is attached.

2. Where mantels, bookcases and consoles were placed in a building which was covered by a mortgage, under a conditional bill of sale, duly filed, by which the title was to remain in the vendor until paid for, and were attached to the buildings by screws and fastenings in such a manner that they could be detached without material injury to the building, the fact that, if the articles were removed, a small part of the wall would be exposed, leaving a space not plastered, while a circumstance to be considered, is not determinative of the question whether they were fixtures, especially in view of the intention of the vendor and vendee evidenced by the conditional bills of sale.

*De Bevoise* v. *Maple Ave. Const. Co.*, 181 App. Div. 953, reversed.

(Argued March 4, 1920; decided April 20, 1920.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 4, 1918, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

De Bevoise *v.* Maple Ave. Const. Co. 497

1920.]                 Opinion, per Hogan, J.                 [228 N. Y.]

*Charles Goldzier* for appellants. The plaintiffs as the owners of a mortgage upon the premises made prior to the execution of the conditional bill of sale herein, were bound by its conditions. (*Bernheimer* v. *Adams*, 175 N. Y. 472; *Duffus* v. *Howard Furnace Co.*, 8 App. Div. 567; *Fitzgibbons Boiler Co.* v. *Manhasset Realty Corporation*, 125 App. Div. 767; 198 N. Y. 517; *Colwell Co.* v. *Home T. J. Co.*, 154 App. Div. 83; *Nicholas* v. *Potts*, 35 Misc. Rep. 273; *Farnesworth* v. *W. U. P. Co.*, 6 N. Y. Supp. 735.) The chattels claimed by the defendant Fishman were not affixed to the premises in a manner which necessarily made them part of the realty. (*C. U. Gas Co.* v. *Browning*, 210 N. Y. 10; *Herzog* v. *Marx*, 202 N. Y. 1; *Manning* v. *Ogden*, 70 Hun, 399; *Davis* v. *Bliss*, 187 N. Y. 81; *Ratchford* v. *Cayuga C. H. W. Co.*, 159 App. Div. 525; *Duntz* v. *Granger Brewing Co.*, 41 Misc. Rep. 177; *Tifft* v. *Horton*, 53 N. Y. 377.)

*Edward T. Horwill* for respondents. All of the articles were part of the realty and their removal could not be had without damage to the buildings. (*Ward* v. *Kilpatrick*, 85 N. Y. 413.) The lien of a mortgage covers all that was realty when the mortgage was accepted as security, and all accessions to the realty, except by valid agreement, to which the mortgagee is a party. (*McFadden* v. *Allen*, 134 N. Y. 489; Griffen & Curtis on Chattel Mortgages & Cond. Sales [2d ed.], 219; *M. & T. Bank* v. *B. H. Realty Corp.*, 137 App. Div. 45; *Washington Trust Co.* v. *Morse I. W. & D. D. Co.*, 106 App. Div. 195; *McMillan* v. *Leaman*, 101 App. Div. 436.) The buildings would be greatly damaged and made untenantable for a long time if all plumbing was removed. (*Ward* v. *Kilpatrick*, 85 N. Y. 413.)

Hogan, J. This action was brought to foreclose a mortgage dated November 13th, 1915, made by the

defendant Maple Avenue Construction Company to secure the payment to plaintiffs of the sum of seven thousand dollars. The mortgaged premises were located in the borough of Queens at the southeasterly corner of Pansy street at its junction with Cooper avenue, and consisted of a plat of land running from Cooper avenue northerly on the easterly side of Pansy avenue about one hundred ninety-eight feet, and thence easterly one hundred feet, then back to Cooper avenue, the remote easterly line being a little shorter than the westerly line. It is evident from the record in this case that the mortgagor constructed upon the southerly portion of the premises five houses, and later five houses upon the northerly portion of the premises.

On December 31st, 1915, the southerly portion of the premises was released from the mortgage in question, four thousand dollars having been paid thereon.

The defendants Fishman and Weinstock were made parties defendants in the foreclosure action under the general allegation in the complaint that they severally had or claimed to have some lien upon the premises, which lien, if any, was subsequent to the mortgage.

The defendant Weinstock answered and alleged that he was the owner of certain property in the premises described in the complaint which had been delivered to the Maple Avenue Construction Company under a conditional bill of sale by the terms of which title to the goods consisting of mantels, consoles and bookcases was to remain in him until fully paid for and upon which the sum of two hundred twelve dollars remained unpaid, for which amount he had a lien thereon. The conditional bill of sale was filed on March 24th, 1916. The defendant Fishman by a like conditional bill of sale delivered to the Maple Avenue Construction Company certain sinks, washtubs, boilers, bathtubs and other property, which conditional bill of sale was filed on May 23d, 1916, prior to the installation of any of the said chattels in

De Bevoise *v.* Maple Ave. Const. Co.    499

1920.]                  Opinion, per Hogan,  J.            [228 N. Y.]

the premises described as subject to the lien of the mortgage, and upon which the sum of seven hundred dollars remained unpaid.

The trial justice found that the appellants had made conditional sales of the articles as asserted by them to the construction company and the balance remaining due to each of the appellants was the amount alleged in their answers, and that as to all the articles so delivered by appellants the same were a part of the realty and their removal could not be had without damage to the buildings. The trial justice also held as conclusion of law that the appellants were foreclosed of any right, claim or lien in the mortgaged premises, including any right or lien in the goods delivered, and decreed that the chattels be sold as a part of the realty free from all rights or liens of defendants and that the premises be sold according to law in separate parcels. Upon appeal by appellants to the Appellate Division, the judgment was affirmed by a divided court.

The conditional bill of sale in the *Fishman* case embraced three hundred forty articles, principally classified in multiples of ten, thus ten sets of porcelain washtubs, ten pairs galvanized iron washtub covers, ten pairs galvanized iron washtub legs, indicating that the chattels were selected and described for each one of ten houses. As to a number of the chattels, the evidence adduced upon the trial as to the manner of installation of the same was meagre, thus rendering impossible a conclusion as to whether the same could be detached without injury to the buildings. This conclusion necessitates a new trial of the action, and it will suffice to call attention to well-established principles of law for the guidance of the trial justice upon a further trial without entering into extended detail as to the numerous chattels.

As between the vendors appellants and the vendee construction company and its associate, the bills of sales of the chattels disclose that it was the expressed intention

of both parties that the chattels enumerated therein were to retain their character as personal property even should they be annexed to the realty.   That the parties were privileged to enter into such contract, subject only to the limitation that where the subject or mode of annexation is such as that the attributes of personal property cannot be predicated of the thing in controversy, as where the property could not be removed without practically destroying it, or where it or part of it is essential to the support of that to which it is attached, is unquestioned.   (*Ford* v. *Cobb,* 20 N. Y. 344; *Tifft* v. *Horton,* 53 N. Y. 377; *Sisson* v. *Hibbard,* 75 N. Y. 542; *Duntz* v. *Granger Brewing Co.,* 41 Misc. Rep. 177; affd., 96 App. Div. 631; affd., 184 N. Y. 595; *Davis* v. *Bliss,* 187 N. Y. 77; *Central Union Gas Co.* v. *Browning,* 210 N. Y. 10; *Ratchford* v. *Cayuga Co. C. S. & W. Co.,* 159 App. Div. 525; 217 N. Y. 565.)

Among the items in the bill of chattels embraced in the Fishman conditional sale were ten sets porcelain wash-tubs which rested upon ten pairs of legs which stood on the floor.   On top of each tub was a cover which lay flat thereon.   The entire tub and supports are removable by unscrewing the faucets in the tubs which are attached to the water pipes in the wall.   The items mentioned resemble in substance certain other articles found to be fixtures so attached to the realty as to be irremovable therefrom and thereby subject to the mortgage.   In *Central Union Gas Company* v. *Browning* we held that certain gas ranges delivered to the owner of an apartment building in the city of New York under a conditional bill of sale, which ranges were connected with the building by the usual service gas pipe and a stovepipe flue, when the ranges could be severed by unscrewing couplings and then lifting the ranges out of the apertures made for them, did not lose any of their characteristics as personal property and were removable from the building by the vendor, not only as against the owner of the premises

but as against the defendant, a *bona fide* purchaser at a foreclosure sale of the premises in which the ranges were installed. (*Central Union Gas Co.* v. *Browning*, 210 N. Y. 10.) In *Ratchford* v. *Cayuga Co. C. S. & W. Co.*, an action to foreclose a mortgage, certain machinery and apparatus was placed upon the premises under a conditional bill of sale therefor made subsequent to the mortgage (the same as in the case at bar), and the decisions were that the machinery and apparatus did not cease to be personal property though affixed to the building. So far as the rights of a prior mortgagee or purchaser at a foreclosure sale were affected, the decisions were in accord with *Tifft* v. *Horton* (53 N. Y. 377); *Davis* v. *Bliss* (187 N. Y. 77, 82).

In *Davis* v. *Bliss* a gasoline engine was purchased under a conditional bill of sale and installed by bolting the same upon a substantial foundation constructed of cement and by running an exhaust pipe from the floor of the engine room through the floor, ceiling and roof of the building and by connecting the engine by two underground pipes with a gasoline tank set outside the building. The referee in that case found that the engine could readily be detached and removed from the building without tearing down any part of or causing any serious damage to the latter and without at all destroying or impairing the usefulness of the former. While the judgment below was reversed by this court, such reversal was solely upon the measure of damages. The present Chief Judge HISCOCK, writing for the court, in that case said: "We shall assume that under ordinary circumstances the engine would have become a part of the realty. Upon the other hand, we regard it as too well settled to require discussion that the results which would ordinarily flow from attaching such a piece of personal property as this was to the real estate in such a manner as this was attached may be controlled by special circumstances, and the character of the article as personal

property be preserved not only as against the vendee but also, in the absence of statutory provision, as against the mortgagee, owner and, under certain circumstances, the subsequent grantee of the real estate." (p. 81.)

Counsel for the respondent in his brief asserts that the case of *Wood Harmon Warranty Corporation* v. *Plandome Construction Company* (225 N. Y. 689) is in all particulars like the case at bar and controlling here in favor of respondents. We do not assent to the argument. That action was brought to foreclose a building loan mortgage executed September 12th, 1913, recorded September 13th, 1913. Upon the mortgaged premises two four-story buildings, each building containing sixteen apartments, were erected. Subsequent to the mortgage and on September 4th, 1914, the Rod Company contractor agreed with the owner of the premises to provide and install plumbing fixtures in the building which were to be deemed personal property until paid for. The instrument was filed November 13th, 1914. Prior to October, 1914, the Rod Company installed plumbing fixtures consisting of sinks, washtubs, toilets and tanks, bathtubs, washbasins, which were attached to the plumbing pipes in the usual manner. The trial justice found in that case as matter of fact: " That all of the fixtures delivered by the defendant Barnet W. Rod Company and attached to the building erected upon the premises described in the complaint, can be detached from the real property mentioned in the complaint without any material injury to the real property, and that if the said chattels, or any of them, are removed they can be replaced without material injury resulting to said real property," but found also as matter of fact in substance that prior to October 22d, 1914, the plaintiff was called upon for a further advance on the mortgage of three thousand four hundred dollars, that the Rod Company informed and represented to the plaintiff that the plumbing fixtures installed in the buildings were not covered by any agreement held by that company

De Bevoise *v*. Maple Ave. Const. Co.      503

1920.]                    Opinion, per Hogan, J.                    [228 N. Y.]

under which the title should remain in said company until the fixtures were paid for, and further that the said company did not have or hold any agreement pursuant to which the title to said fixtures should remain in such company; that the plaintiff made further diligent inquiry and inspection as to said fixtures and found the same had been installed and that relying upon the representations of the defendant Rod Company that the fixtures had been installed and that said company had no claim upon the same plaintiff paid to the Rod Company at the request of the construction company one thousand dollars out of an advance made on the mortgage of three thousand four hundred dollars, and as conclusion of law that the agreement for the additional sale by the Rod Company was subject to and subordinate to the advance of three thousand four hundred dollars made by plaintiff on October 22d, 1913. The conclusion reached by the court was in effect that the payment of three thousand four hundred dollars having been made upon the assurance of the Rod Company that there was no conditional bill of sale, all of the elements of an estoppel *in pais* existed and as to that three thousand four hundred dollars the mortgage was superior to the conditional bill of sale. This case is an authority against the contention asserted by the counsel for respondents in this case rather than in support of their position. The character of the articles in the case referred to is practically the same as a number of articles in the case at bar and the decision of the trial justice that such chattels could be detached from the real property mentioned without material injury to the same and if removed could be replaced without material injury resulting to the real property was unanimously affirmed by the Appellate Division and affirmed by this court.

The appellant Weinstock delivered eighteen bookcases, eighteen consoles and four mantels in the property, some of which were installed in the houses upon that portion of the premises released from the lien of the mort-

gage for which full payment had been made, the remaining chattels were placed in the houses upon the land covered by the mortgage and were not fully paid for. Evidence was offered tending to show that the enumerated articles were attached by one nail on each side driven into a block of wood in the brick wall placed there by the bricklayers, and could be detached by drawing the nails and without injury to the articles or the wall. If removed the wall would be exposed which is partly plastered, leaving a space of about two feet in the wall which was not plastered. Necessarily the removal of such chattels would involve a finishing of the walls unless like articles were procured to take the place of those removed. The record is quite deficient upon the important question whether or not the articles in question by reason of the nature of the same were intended to correspond with and properly form a part of the inner surface of the houses (*Ward* v. *Kilpatrick*, 85 N. Y. 413) or in any manner contribute to the support of the building or, as held in the *Wood Harmon Warranty Corporation* case referred to, if removed could be replaced without material injury resulting to the real property. The fact that the wall at a certain point was not completely plastered, while a circumstance to be considered, is not determinative of the question (*McKeage* v. *Hanover Fire Ins. Co.*, 81 N. Y. 38), especially in view of the intention of the vendor and vendee evidenced by the conditional bill of sale. Upon a new trial evidence more specific and complete may be adduced which will enable the trial justice to make findings and conclusions in accordance with the facts and the principles of law referred to.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, CARDOZO, MCLAUGHLIN, CRANE and ELKUS, JJ., concur.

Judgment reversed, etc.