KOHLER CO., INC., Appellant, *v*. WILLIAM BRASUN, Respondent.[*]

Fourth Department, December 30, 1927.

Sales — conditional sale — vendee of land contract purchased electric light plant on conditional sale contract — plant was fastened to concrete bed by four bolts — contract was not filed as required by Pers. Prop. Law, § 67 — land contract was foreclosed and defendant purchased real property — defendant did not acquire title to electric light plant — conditional vendor is entitled to replevy electric light plant — Pers. Prop. Law, § 64, not applicable.

The plaintiff sold an electric light plant upon a conditional sale contract to the vendee of a land contract. The vendee placed the electric light plant on a concrete foundation and fastened the plant thereto by four bolts. The conditional sale contract was not filed as required by section 67 of the Personal Property Law. The defendant, who purchased the real property on the foreclosure of the land contract, did not acquire any title or right to the electric light plant, for the defendant was not a subsequent purchaser for value without notice.

Accordingly, the plaintiff, the conditional vendor of the electric light plant, is entitled to recover possession thereof in this replevin action.

Section 64 of the Personal Property Law (as amd. by Laws of 1925, chap. 561) does not affect the question decided in this case.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Herkimer on the 9th day of December, 1927.

*Fred J. O'Donnell*, for the appellant.

*Wilbur, Winslow & Bennison* [*C. J. Winslow* of counsel], for the respondent.

---

[*] Revg. 128 Misc. 507.

HUBBS, P. J.   On September 20, 1924, Joseph Jurewicz was in possession, as vendee under a land contract, of a hotel and the real property connected therewith, situate in the town of Litchfield, Herkimer county.   On that date he purchased of the plaintiff an electric light plant upon a conditional sale contract, in and by which it was contracted and agreed that the title to said property should remain in the plaintiff vendor until it should be fully paid for according to the terms of the contract.   Thereafter the electric light plant was installed in the hotel.   It was placed in the cellar on a concrete foundation which was already there.   It was fastened to the concrete by means of four bolts which extended through the base of the plant.   The plant could be removed by unscrewing the nuts on the bolts and lifting the plant off the foundation.   That could be done without injury to the building.

Thereafter the vendor in the land contract foreclosed the same in an action in the Supreme Court.   The premises were sold under the judgment entered in that action and the defendant purchased the premises upon the sale.   Jurewicz, the purchaser of the electric light plant under the conditional sale contract, failed to pay for it. The plaintiff, vendor of the electric light plant, demanded possession of it, but the defendant refused to surrender possession thereof, claiming that he had acquired title thereto under the deed from the sheriff, which he received upon the purchase of the property at the foreclosure sale.   The plaintiff then commenced this action to replevy the electric light plant.   A jury was waived and the action tried by the court, which found in favor of the defendant. The conditional sale contract covering the electric light plant, although filed in the town clerk's office, was never filed in the county clerk's office as required by section 67 of the Uniform Conditional Sales Act (Pers. Prop. Law, § 67, as added by Laws of 1922, chap. 642).

There can be no doubt that the defendant would have acquired a good title to the electric light plant if he had purchased the real property from one who was the sole owner in fee thereof, for value and without notice of the plaintiff's interest   Under such circumstances he would have been protected by said section 67, and the failure of the plaintiff to file the conditional sale contract in the county clerk's office would have made the contract void as to him.   He was not, however, such a purchaser.   He bid in the property upon the sale in the action to foreclose the land contract.   By such purchase he acquired whatever interest the vendor had in the real property.   He obtained no better title to the electric light plant than the vendor in the land contract had. The said vendor had not advanced to the vendee any money after

the electric light plant had been installed in the hotel. He had not given up or lost anything because of the installation of the plant. The defendant occupies the same position that he would if he had purchased the premises upon a mortgage foreclosure sale. (*Davis* v. *Bliss*, 187 N. Y. 77.)

The question of the right of a purchaser of real property upon a mortgage foreclosure sale to retain a silo which had been placed on the premises by the mortgagor under a conditional sale contract which had not been properly filed was before this court in the case of *Craine Silo Co., Inc.*, v. *Alden State Bank* (218 App. Div. 263). It was decided in that case that the purchaser upon a mortgage foreclosure sale " obtained no better title to the silo than that of the mortgagee of the mortgage foreclosed " and that he was not a " subsequent purchaser in good faith." That case was decided upon facts which arose before the amendment of the Personal Property Law in 1922, and the enactment of section 67 of the Uniform Conditional Sales Act (Laws of 1922, chap. 642; Pers. Prop. Law, art. 4). We do not think that section has changed the law applicable to a purchaser of real property upon a foreclosure sale. The section, so far as applicable, reads as follows: " If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

It will be noted that in order to make the sale void as to a subsequent purchaser, such purchaser must be a purchaser for value without notice. A purchaser upon a foreclosure sale, where the position of the mortgagee or vendor has not been changed since the personal property was placed upon the real property, is not such a purchaser.

The defendant only acquired such rights in the electric light plant as the vendor in the land contract had. (*Central Union Gas Co.* v. *Browning*, 210 N. Y. 10; *Davis* v. *Bliss, supra*.) The trial court has found as a fact that the plant " was easily severable without material injury to the freehold."

The vendor under the land contract would not have had any right of ownership in the plant as against his vendee. (Uniform Conditional Sales Act, § 64.) The defendant, as purchaser upon

the foreclosure sale, has not greater right to the plant than the vendor under the land contract had.

We do not think that section 64 of the Personal Property Law (as amd. by Laws of 1925, chap. 561) affects the question decided in this case.

The judgment should be reversed upon the law, with costs. The conclusions of law should be disapproved and reversed and new conclusions of law made in accordance with this opinion, and judgment directed for the plaintiff, with costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment reversed on the law, with costs, conclusions of law disapproved and reversed and new conclusions of law made in accordance with the opinion, and judgment directed for the plaintiff for the relief demanded in the complaint, with costs.