LIZZIE COHEN, Appellant, v. 1165 FULTON AVENUE CORPORATION and Others, Defendants, Impleaded with CHARLES TISCH, INC., Respondent.

First Department, January 13, 1928.

Mortgages — foreclosure — conditional sales — gas ranges were placed in apartments prior to giving of mortgage — ranges were sold on conditional sale contract which was not filed as required by Personal Property Law, § 67, until after mortgage was recorded — error to direct receiver in mortgage foreclosure to pay conditional vendor from rent of premises — receiver may resist replevin of gas ranges.

It was error for the court below to direct the receiver, in this action to foreclose a mortgage on an apartment house, to appropriate the rents of the property to the payment of the conditional vendor of gas ranges installed in the several apartments. It appears that the gas ranges were installed in the several apartments and affixed in the ordinary way, and that the contract of conditional sale was not filed, in accordance with section 67 of the Personal Property Law, until after the plaintiffs' mortgage was placed upon the premises and recorded. After the gas ranges had been installed the present mortgage was executed.

The gas ranges became in fact a part of the real property, and while they might be severed therefrom without material injury, nevertheless it is the purpose

of section 67 of the Personal Property Law to protect a mortgagee of an apartment house whose mortgage was placed upon the property after the installation of the ranges as against a conditional vendor whose contract was not properly filed as required by statute.

The proper way for the receiver to protect the premises against the threat of removal of the gas ranges is to resist the replevin thereof and not to pay the vendor's claim because of his threat of replevin.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 4th day of October, 1927.

The order granted the motion of the receiver, Edward J. Walsh, and directed him to pay to Charles Tisch, Inc., the sum of $1,378.

Motion by the respondent to dismiss the appeal.

*Jacob H. Karp* of counsel [*Harry Levin,* attorney], for the appellant.

*Vincent A. O'Connor,* for the respondent.

PROSKAUER, J. Plaintiff sues to foreclose a mortgage covering an apartment house containing thirty-nine separate apartments, with gas ranges and cookers " attached in the usual and customary manner." They constitute the only means by which residents in the apartment house may cook. They were sold to the owner by Charles Tisch, Inc., under a conditional bill of sale and were installed on the premises before the mortgage was executed. The bill of sale was not recorded, however, until after the plaintiff's mortgage was placed upon the premises and recorded. A receiver was appointed in this foreclosure action. Charles Tisch, Inc., demanded that he pay for these gas ranges and issued a replevin requisition to the sheriff. Under these circumstances the receiver applied to the court for a summary order authorizing him to pay from the rents in his possession the purchase price of the gas ranges. The plaintiff appeals from an order granting this motion.

Prior to the enactment of chapter 642 of the Laws of 1922, gas ranges were regarded as personal property and, even if attached, did not become part of the realty. (*Central Union Gas Co.* v. *Browning,* 210 N. Y. 10, 13.) Section 67 of the Personal Property Law (Uniform Conditional Sales Act), however, was enacted by the Laws of 1922 (Chap. 642) and provides as follows: " If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed as against any person who has not expressly assented to the reservation.

If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty. As against the owner of realty the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty."

Under this section we hold that the unrecorded reservation of property by the conditional seller in these gas ranges so affixed to the realty, though severable without material injury to the freehold, is void as against this mortgagee.

The respondent argues that this section is effective under its terms only where the goods are affixed so as to become a part of the realty, and that we are still bound by the statement in *Central Union Gas Co.* v. *Browning* (*supra*) that gas ranges do not become part of the realty. A careful examination of section 67 of the Personal Property Law leads to the conclusion that this was not the legislative intent. The statute was designed to remedy the condition disclosed in *Central Union Gas Co.* v. *Browning* (*supra*). Factually, ranges connected with gas pipes in apartments in the city of New York are regarded as part of the realty. With this in mind, the draftsmen of the statute evidently sought to change the rule which gave the character of realty only to goods which were technically chattels real. They provided for two classes of goods: *First*, goods affixed to the realty and readily severable; *second*, goods affixed to the realty and not readily severable. The inclusion of the first class, namely, goods affixed to the realty and severable without material injury to the freehold, discloses an intention to protect a purchaser or mortgagee of real estate with respect to articles which might not be strictly chattels real, but which none the less, in the common understanding of interested parties, are fairly regarded as part of the freehold.

We conclude, therefore, that the court was without power to direct the receiver to appropriate the rents of this property held by him for the protection of the mortgagee to the payment of the unrecorded claim of the conditional vendor. The proper way for the receiver to protect the premises against the threat of removal of the gas ranges is to resist the replevin and not to pay the vendor's claim because of his threat of replevin.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Motion to dismiss appeal denied.