METROPOLITAN STONE WORKS, INC., Plaintiff, *v.* PROBEL HOLDING CORPORATION and Another, Defendants.

City Court of New York, Bronx County, February 27, 1928.

Sales — conditional sale — fixtures — action by conditional vendor to replevin concrete stone fountain and concrete window boxes — said articles were placed on premises after mortgage was executed — defendant, mortgagee, purchased property on foreclosure — property may be removed without material injury to freehold, within meaning of Personal Property Law, § 67.

This is an action to replevy from a purchaser on a mortgage foreclosure sale a concrete stone fountain and concrete window boxes that were sold by the plaintiff to the mortgagor on a conditional sale contract.  The contract was properly filed.  The mortgage was on record before the sale, and the purchaser, the mortgagee, had knowledge of the reservation of title.  The fountain is connected to a water main and also electrically lighted and both the fountain and the window boxes are attached to the freehold by concrete.  Both can be removed by breaking the cement and in the case of the fountain by disconnecting the water pipe and the electric wires.  All of this can be done without material injury to the freehold, within the meaning of section 67 of the Personal Property Law, and, therefore, the plaintiff is entitled to recover.

ACTION by conditional seller to replevy chattels.

*Maurice B. Rich*, for the plaintiff.

*Phillips & Avery* [*Talbot M. Malcolm* of counsel], for the defendant Gray Apartments Co., Inc.

EVANS, J.  The chattels sought to be replevied are a concrete stone fountain and concrete flower boxes, which are actually attached by cement to the realty, the fountain to the land, and the flower boxes to the building.  The stone fountain is provided with pipes, so that water flows therein, and with electric wires so that it may be lighted, and, with the flower boxes, provides ornamentation for the building.  Not only is there physical annexation, but the chattels are used in connection with, are applied

and adapted to the realty, and there is every indication that the intention of the party making the annexation was to make it a permanent accession to the freehold. These chattels, before annexation to the realty, were sold to the owner of the freehold by a conditional bill of sale, duly recorded, while there was a mortgage on the premises. The mortgagee, on record prior to the conditional seller, foreclosed the mortgage and purchased at the foreclosure sale. The conditional seller now wants possession of these chattels, affixed to the realty, as indicated, as against the foreclosure purchaser. The purchaser at the foreclosure sale had notice of the reservation of property in the chattels, which, ordinarily, would become an integral part of the realty, by the manner in which they were affixed thereto, and by the use and purpose for which they were intended. The authorities say (see opinion of Appellate Division, Mr. Justice Proskauer writing, in *Cohen* v. *1165 Fulton Avenue Corporation*, 222 App. Div. 378) that section 67 of the Personal Property Law (added by Laws of 1922, chap. 642) was intended to remedy the condition disclosed in *Central Union Gas Co.* v. *Browning* (210 N. Y. 10). In other respects, except those indicated below, the law remains substantially the same as it was under the old section 62 of the Personal Property Law (Laws of 1897, chap. 418, § 112, as amd. by Laws of 1904, chap. 698, § 1).* There is no question that these chattels have become a part of the freehold. The sole question is whether these chattels are or are not severable without material injury to the freehold. I say that is the sole question involved, because the first sentence of section 67 of the present Personal Property Law, seems to make that the sole test, thus changing the rulings of the Court of Appeals, where the intent of the parties was the paramount test, as to whether chattels, so affixed to realty, shall remain personalty or not. (See *Davis* v. *Bliss*, 187 N. Y. 77, 82; *McCloskey* v. *Henderson*, 231 id. 130, 134.) The intent of the parties was of paramount importance in determining whether chattels affixed to realty were to be regarded as realty or personalty, save with one exception, and that was where the chattel could not be removed without its practical destruction, or where it was essential to the support of that to which it was attached. (*DeBevoise* v. *Maple Ave. Const. Co.*, 228 N. Y. 496, 499, 500.) But the present statute seems to alter the rule. No matter what the parties intended, one who has not " expressly assented to the reservation " of property in a chattel, affixed to realty, is not bound thereby, unless it be severable

---

* Article 4 (§§ 60–67) was repealed by Laws of 1922, chap. 642, and new article 4 (§§ 60–80) was added by Laws of 1922, chap. 642.

" without material injury to the freehold." Furthermore, section 67 seems to enlarge the rights of conditional sellers by permitting reservations of property rights in chattels, annexed to the " freehold," whereas the old section 62 spoke only about chattels annexed to a " building." The fountain is not annexed to any building, but to the freehold. Under section 67, therefore, the fountain and the flower boxes must be dealt with in the same way. The evidence shows that there is a very simple way of removing the fountain and flower boxes, by loosening and breaking the cement binding and unscrewing the iron pipes in the fountain and disconnecting the electric wires. Thus the freehold will remain uninjured and other boxes and another fountain may replace the ones removed. Judgment must, therefore, go for plaintiff. Submit findings and judgment.