DELAWARE HILL DEVELOPMENT COMPANY, INC., Plaintiff, *v.* DELAWARE BUILDING CORPORATION and Others, Defendants.

County Court, Erie County, August 5, 1930.

*Lewis & Carroll,* for the plaintiff.

*Layton H. Vogel,* for the defendant Tuffley Burner Corporation.

MOSHER, J. The plaintiff, as purchaser of an apartment house in the city of Buffalo on foreclosure of its second mortgage thereon, claims a gas burner which the defendant Tuffley Burner Corporation installed in the coal furnace therein prior to execution of said mortgage and removed before institution of this action. The question whether it was placed on approval or a conditional sale contract should have been filed was reserved, but after the sale for less than plaintiff's claim is now litigated.

The defendant contends that the complaint does not negative knowledge by plaintiff of defendant's title as required by *Boriskin* v. *Toll Realty & Construction Co., Inc.* (225 App. Div. 695), and that the burner was simply an alternative heating appliance temporarily set in on approval only, in good faith, under its contemporaneous letter " we will be willing to put the outfit in for a 30 day trial to show you what same can do. At the expiration of that time you agree to pay us the above sum if the equipment is satisfactory to you, otherwise we will remove same," and removed because there was no subsequent payment or expression of satisfaction, and that there was no conditional sale, or contract, nor requirement for filing same pursuant to section 67 of Personal Property Law (as added by Laws of 1922, chap. 642); that said burner was merely set on the basement floor and attached by a coupling to a gas pipe already extending in front of the furnace and the motor attached to an electric light socket, like a radio or a washing machine; that the coal grate was taken out and a piece of tin put over the lower front draft and all could be, and was, quickly and easily removed without injury to the freehold and the grates restored and the coal furnace left complete and intact as before and ready for operation as such.

Gas ranges retain their character as personalty (*Central Union Gas Co.* v. *Browning,* 210 N. Y. 10; *Madfes* v. *Beverly Development*

*Corp.*, 251 id. 12; *Alf Holding Corporation* v. *American Stove Company*, 253 id. 450) and this gas burner seems to have served the same purpose and continued personalty, not subject to the provisions of the Personal Property Law or the lien of plaintiff's mortgage.

Let judgment be entered accordingly.