LANG v. THACHER.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. EQUITY—JURISDICTION.
A suit in equity will lie to obtain the actual delivery of specific chattels, and may be based on an equity of redemption or on a specific performance of an agreement of sale.

2. SAME—ACTION ON CONTRACT.
A suit in equity for the recovery of specific chattels, on an equity of redemption or for specific performance of an agreement of sale of chattels, is based on contract.

3. SAME—PLEADING—DUPLICITY.
In an equitable action for the delivery of specific chattels alleged to be held under an instrument in effect a chattel mortgage, on payment of the amount due, the equitable claim of ownership and right to actual delivery represent but a single cause of action, even though the amount be claimed to represent the purchase price of the articles upon agreement to sell, and relief may be given upon either of the grounds.

4. SAME—CONVERSION.
Where the main object of a suit in equity was to obtain actual delivery of articles, which could not be accomplished by an action of conversion, a complaint will not be construed to set up a cause of action for conversion by reason of a demand for relief for the value of the property in the contingency of inability to obtain actual delivery.

Appeal from special term, Albany county.

Action by Charles M. Lang against John Boyd Thacher. From an interlocutory judgment overruling demurrer to complaint, defendant appeals. Affirmed, with leave to defendant to answer on terms.

The allegations of the complaint are in substance as follows: On and prior to April 16, 1892, the plaintiff owned and was in possession of certain pen and pencil drawings and sketches, particularly described in certain pages attached to a bill of sale now in defendant's possession, made April 16, 1892, by plaintiff to defendant. On or about April 16, 1892, the defendant loaned to the plaintiff the sum of $1,000, and thereupon the plaintiff, as collateral security for the payment of such loan and interest, executed and delivered to the defendant the bill of sale above referred to, and delivered to defendant the said drawings and sketches. Thereafter, and before the commencement of this action, the defendant loaned to the plaintiff other sums of money, amounting in the aggregate to about $500. On or about May 31, 1898, the defendant executed and delivered to plaintiff an instrument in writing of which the following is a copy:

"Agreement. I hereby agree to sell to Charles M. Lang, at his request in person to me, at any time before May 31, 1899, a certain lot of pen and pencil drawings and sketches, as per certain pages attached to a certain bill of sale, made April 16, 1892, and on that day bought of him, provided the said drawings and sketches are not destroyed or stolen, for the sum of nineteen hundred.

and seventy-eight dollars and fifty-four cents. All other agreements on my part to sell to said Lang are hereby canceled by the consent of the said Lang.
"Albany, N. Y., May 31, 1898.                              John Boyd Thacher.
                                                           "Charles M. Lang."

The sum of $1,978.54, stated in the agreement, is the amount of the principal, with interest to May 31, 1899, of the moneys so loaned and advanced to plaintiff by defendant as above stated, and still unpaid and owing by plaintiff to defendant. Prior to May 31, 1899, as well as subsequent thereto and before the commencement of this action, on several occasions, the plaintiff duly and personally tendered to defendant the said sum of $1,978.54, with interest thereon to date of tender in each case, and demanded personally of defendant the delivery to him (the plaintiff) of said drawings and sketches; but the defendant refused to accept the moneys tendered, and refused to deliver to plaintiff the drawings and sketches. The same have not been destroyed or stolen. The plaintiff is ready, able, and willing to pay such sum and interest on receipt of the drawings and sketches. The plaintiff is, and has been for many years, by occupation an artist, and the said drawings and sketches are a part of a collection made personally by him in Europe, and they are of great value as works of art,—many being of considerable antiquity, and the works of celebrated artists,—and their acquisition by plaintiff involved the expenditure of a large amount of time and money and the exercise of special skill. They are unique, and cannot be replaced by others of similar or equal value or merit. Very few such drawings can now be procured at all. These articles were deposited with defendant as a pledge and collateral to the repayment of the indebtedness from plaintiff to defendant. At the time of such delivery, and as a part of the same transaction, defendant executed and delivered to plaintiff an agreement substantially similar to the agreement hereinabove set forth, except as to the limit of time therein expressed; and from time to time thereafter, in each case before the expiration of the time limit in the prior agreement, defendant replaced each agreement, respectively, with another of similar tenor, except as to time limit, so that at all times since the deposit with defendant, down to May 31, 1899, the plaintiff has had in his possession a written agreement from defendant for the redelivery of said articles to plaintiff on repayment of a certain sum of money. These agreements, although in form for the sale of the articles, were in fact intended by the parties as agreements for their redemption, and the bill of sale therein referred to was intended as a chattel mortgage or collateral security for the loans; and the defendant always so treated the agreements and bill of sale until recently, when he claimed, and now claims, that the plaintiff sold to him the articles absolutely, and' that the agreement of May 31, 1898, is merely an agreement to sell the property to the plaintiff. The defendant has wrongfully detained, and still detains, the said drawings and articles from plaintiff, and is wrongfully endeavoring to deprive him of the same, by refusing to accept the moneys tendered and redelivering the property, and is wrongfully endeavoring to acquire and retain them for an inadequate price,—the same being of the reasonable value of at least $25,000; and if defendant is permitted to retain or dispose of the same, the plaintiff will suffer irreparable loss and damage, both by reason of the fact that plaintiff's entire collection will thereby be broken up, and the remainder diminished in value, but also by the fact said drawings and sketches cannot be duplicated or replaced. The plaintiff has been damaged by the failure of defendant to deliver the same to him in the sum at least $5,000, besides the value of the articles. The plaintiff demands judgment (1) that he may be permitted to redeem the property, and pay the defendant the said sum of $1,978.54, and interest, and that thereupon the defendant may be adjudged and required to deliver the property to the plaintiff; (2) that, in case the court shall determine that plaintiff is not entitled to redeem, the defendant be required to make specific performance of the agreement of May 31, 1898, and deliver to plaintiff the property on payment of the sum named, and interest, and that in that case plaintiff recover from defendant $5,000 damages for withholding the same; (3) that, in case of defendant's failure or inability to make such specific performance and delivery, the plaintiff have judgment against defendant for $25,000 damages, the value of the property, and $5,000 for withholding the same; (4) that the

defendant be enjoined and restrained from in any manner selling or disposing of the property, or injuring or concealing the same, and for such other relief as may be just. The defendant demurred to the complaint upon the ground that it appears upon the face thereof that several causes of action have been improperly united,—one being to adjudge a certain instrument (which, upon its face, is an absolute bill of sale) to be a chattel mortgage, and to allow the plaintiff to redeem the articles described therein; the second being to compel the specific performance of an agreement in writing, executed by the plaintiff, in which the defendant agreed to sell to the plaintiff certain articles; the third being to recover from the defendant in tort for the conversion of certain articles and for damages for the withholding of the same.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

John A. Delehanty, for appellant.

Martin T. Nachtmann (John Dewitt Peltz, of counsel), for respondent.

MERWIN, J. According to the complaint, the action is in equity to obtain the actual delivery of certain specific chattels. That such an action is maintainable in equity is well settled. 1 Story, Eq. Jur. § 708 et seq. The right to obtain such delivery may be based on an equity of redemption, or on a right to a specific performance of an agreement of sale. Id. § 710; 1 Pom. Eq. Jur. § 164; 5 Am. & Eng. Enc. Law, 1003. In either case, the action for that purpose is based on contract.

The subject-matter of the present action is the specific articles the actual delivery of which the plaintiff claims. The cause of action is the equitable right, which the plaintiff claims to have, to enforce such actual delivery upon payment of a certain sum. Whether this sum shall be deemed to represent the amount of the indebtedness from plaintiff to defendant, for which the property is held as security, or to represent the purchase price as upon an agreement to sell, the controversy is practically the same, involving the same continuous transactions over the same subject-matter, the legal title of which is in the defendant. The equitable claim of ownership and right to actual delivery is but a single cause of action, although relief may be given upon different grounds.

Clearly there is no misjoinder of causes of action unless, as claimed by the defendant, there is also stated in the complaint a cause of action in tort for the conversion of the property and for damages for withholding the same. It is very manifest that the main object of the action is to obtain actual delivery. This would not be accomplished by an action for conversion. The intention is not apparent to set up a cause of action on that basis. The demand for relief for the value of the property is in the contingency of inability to obtain actual delivery. The allegation in the complaint of wrongful detention may be construed as referring to the violation by defendant of his agreements. Austin v. Rawdon, 44 N. Y. 63; Vilmar v. Schall, 61 N. Y. 564. The allegation that the plaintiff has been damaged by the failure of the defendant to deliver the property is evidently made in view of incidental relief that may be granted in the equitable action, and does not operate to characterize the action as one for con-

version.  A court of equity, having obtained jurisdiction, will give
full relief according to the exigencies of the case.  Valentine v.
Richardt, 126 N. Y. 272, 277, 27 N. E. 255.  The complaint should
not, I think, be construed as setting up a cause of action for conver-
sion.  It follows that the demurrer was properly overruled.

Judgment affirmed, with costs, with leave to defendant to answer,
upon payment of costs of the appeal and of the demurrer, within
20 days from service of copy of this order.  All concur.