Rapid Fireproof Door Co., Inc., Appellant, *v.* Largo Corporation, Respondent, Impleaded with Another.

Lien — mechanic's lien — real property — election — filing of notice of lien not an election to abandon title contractor may still have in materials furnished — notice of lien referring to unattached materials as previously " furnished " results in no transfer of title — foreclosure of prior mortgages — purchaser at sale obtains title only to property covered thereby — use by purchaser of unattached materials on ground in completion of building — contractor may have new lien for value of material so used.

1. The filing of a notice of lien does not constitute an election by a contractor to abandon other rights which he may have to recover a money judgment nor does it constitute an election to abandon any title he may still have in materials furnished and regard them as annexed to the real property. An assertion therein that the materials have been furnished for the improvement of the real property is not to be construed as an assertion that they have been installed in and become a part thereof.

2. Where, therefore, at a time when part of the material to be furnished by plaintiff under a contract had been actually installed in and attached to a building, and part was still lying on the ground, it filed a notice of lien and thereafter two prior mortgages upon the property were foreclosed and the purchaser at the foreclosure sale proceeded to complete the building and used therein the material delivered by plaintiff which had not been attached, the notice of lien resulted in no transfer of title to the unattached materials, because they were described therein as previously " furnished." The judgment of foreclosure merely wiped out any lien which might otherwise have resulted from the filing of the notice and the purchaser at the sale obtained title to the real property covered by the mortgages, and to nothing else.

3. A new notice of lien for the value of the materials so taken is, therefore, valid. Failure by plaintiff to remove the materials did not constitute an abandonment thereof and defendant having taken them cannot be heard to say that they were not furnished to him with his consent or at his request.

*Rapid Fireproof Door Co.* v. *Largo Corporation*, 216 App. Div. 395, reversed.

(Submitted October 5, 1926; decided November 16, 1926.)

APPEAL from a judgment, entered April 20, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

*Hyman J. Reit* and *Seth V. Elting* for appellant.    Title to the materials upon the ground but not attached to the building remained in the plaintiff after the foreclosure sale to the defendant.    (*Warner Elevator Manufacturing Co.* v. *Capitol Investment Building & Loan Assn.*, 127 Mich. 323; *Perkins* v. *Golden Girl*, 185 Mich. 200; *Arctic Ice Machine Co.* v. *Armstrong Co. Trust Co.*, 192 Fed. Rep. 114; *Hoover, Owens & Rentschler Co.* v. *Featherstone's Sons*, 111 Fed. Rep. 81; *Otis Elevator Co.* v. *Stafford*, 95 N. J. L. 79; *Henry & Coatsworth Co.* v. *Fisherdick*, 37 Neb. 207.)    The first alleged lien was invalid and of no effect, since it was not upon the premises in question.    The lien was valid against the premises for the materials used and attached by the defendant. (*Woelreich* v. *Fettretch*, 4 N. Y. Supp. 326; *Pope* v. *Heckscher*, 109 App. Div. 495; *Tiley* v. *Thousand Island Hotel Co.*, 9 Hun, 424: *Husted* v. *Mathes*, 77 N. Y. 388; *National Wall Paper Co.* v. *Sire*, 163 N. Y. 122; *Burger's Metal C. & F. Co., Inc.*, v. *Farmers' L. & T. Co.*, 170 N. Y. Supp. 934; *Schummer* v. *Clark*, 107 App. Div. 207.)

*Edward A. Brown* for respondent.    The lien in suit is void.    Plaintiff filed a prior lien which covered the identical material as the lien in suit.    Thereafter it was made a party defendant in an action to foreclose a prior mortgage.    In this action it appeared and interposed an answer asserting its lien in an attempt to enforce it. Appellant thereby elected its remedy, and the judgment of foreclosure and sale subsequently entered forever cut

off appellant's rights, and it is concluded thereby. The purchaser at the foreclosure sale took title to the material free from any claim of plaintiff. (*Rapid Fireproof Door Co.* v. *Largo Corp.,* 216 App. Div. 395; *American Woolen Co.* v. *Samuelson,* 226 N. Y. 61; *Sears* v. *Wise,* 52 App. Div. 118; *Giant Portland Cement Co.* v. *State,* 232 N. Y. 396; *Shipley Co.* v. *Magee,* 165 App. Div. 866; 221 N. Y. 679.)

Lehman, J.  The plaintiff in this action seeks to establish and foreclose a mechanic's lien upon real property owned by the defendant Largo Corporation, for materials which have been used by the defendant in the erection of a building.  A judgment in favor of the plaintiff has been reversed by the Appellate Division and the complaint dismissed.  That court has held that the plaintiff did not furnish these materials " with the consent or at the request of the owner thereof [of the premises]," and that consequently there is no basis for a claim of statutory lien.  (Lien Law [Cons. Laws, chap. 33], section 3.)

The case presents a somewhat unusual situation.  On the 2d day of May, 1922, the plaintiff entered into a contract with the Norab Realty Co., Inc., to furnish and install certain materials in a theatre which the Norab Realty Co. was erecting or was about to erect on the premises upon which the plaintiff now claims a lien. The plaintiff proceeded to furnish materials and performed labor under its contract.  On the 7th day of July, 1922, it filed a notice of lien upon the real property of the Norab Realty Co.  The notice of lien shows that at that time the plaintiff had not fully completed its contract.  Some material called for by the contract had not yet been furnished, and some labor had not yet been performed.  It appears from the testimony produced at the trial that part of the material furnished by the plaintiff under its contract had been actually installed in and attached to the building, while part was still

lying on the ground.   In September, 1923, two actions were begun to foreclose mortgages upon the real property. This plaintiff was made a party defendant in each action, and filed its answer therein, but the answer was stricken out upon motion, and judgment of foreclosure entered. The judgment constituted an adjudication that the present plaintiff had no lien upon the real property which was not inferior to the mortgages under foreclosure.   The title of the defendant Largo Corporation is derived from a sale held pursuant to the judgment of foreclosure in these actions.   That title is undoubtedly free from any lien for materials previously furnished by the plaintiff with the consent or at the request of a previous owner whose title was subject to the mortgages which have been foreclosed; but the title of the new owner may obviously be subjected to a lien thereafter, if as such owner it, in turn, by consent or request, takes part in subsequent improvement of its property.

In the present case the defendant, having purchased real property with an unfinished building, proceeded to complete the building.   The materials delivered and furnished by the plaintiff upon the premises, pursuant to contract with the earlier owner, but which had not been attached to the building, were used by the defendant in this work.   The plaintiff thereupon filed a new notice of lien for the alleged value of the materials so used by the defendant in the improvement of its building.   The action has been brought to foreclose such lien.

Undoubtedly the plaintiff originally furnished the materials, included in this new notice of lien, under its contract with the Norab Realty Co., Inc., for the improvement of the property, and the earlier notice of lien upon the real property of that corporation included the value of the materials for which plaintiff now seeks payment. The defendant who now owns the property had nothing to do with the original contract for the improvement of the building, and is not responsible for the value of any

labor performed or materials furnished pursuant thereto. The plaintiff does not claim that it has delivered any materials upon the premises since the original contract was terminated and this defendant became the owner of the property. The judgment of dismissal determines that though the defendant has used the materials furnished by the plaintiff for the improvement of the premises, they were not furnished with this defendant's consent or at its request, and, therefore, the plaintiff has no lien on defendant's property.

This conclusion is undoubtedly sound if the plaintiff no longer had any title to the materials at the time the defendant used them in the completion of its building. It is not claimed that the plaintiff lost title to the materials merely by bringing them upon the premises with the purpose of thereafter using them in the improvement of real property. These materials lost their character of personal property, and the plaintiff parted with his title to them, only if they became actually or constructively attached to the real property. Though the defendant purchased the real property covered by the mortgages under foreclosure, and took title free from any subordinate lien thereon, the defendant obtained no title to personal property which happened to be on the premises and which was not covered by the mortgages. Title to the materials not at that time physically attached to the real property was not changed by the sale under foreclosure unless the previous notice of lien had resulted in some manner in a constructive attachment. The first question we must consider upon this appeal is whether the filing of lien had such effect.

The statute was intended to give contractors who improved real property and thereby added to its value with the consent or at the request of the owner, an interest in the property improved. (*Schaghticoke Powder Co.* v. *Greenwich, etc., Ry. Co.*, 183 N. Y. 306.) Enforcement of the statutory lien provides a method by which the

contractor may compel payment for benefit received. It is not an exclusive remedy, nor does a contractor, by filing a notice of lien, lose his right to recover in an action on contract. Indeed, the statute specifically provides that if the lienor shall fail, " for any reason," to establish a valid lien in an action under the provision of the statute he may recover judgment even in that action for such sums as are due him or which he might recover in an action on a contract. (Section 54.) It follows that the filing of a notice of lien cannot possibly constitute an election by the contractor to abandon other rights which he might have to recover a money judgment, but it is urged that it does constitute a binding and irrevocable election by the contractor to abandon any title he may still have in the materials furnished, and to regard them as annexed to the real property.

No relevant precedent or authority has been cited to us in support of this contention, and there is nothing in the language of the statute which shows an intent on the part of the Legislature to compel a lienor to abandon any right or title to materials he has furnished before he may avail himself of the statutory provisions enacted for his protection. Reason might perhaps be advanced why a judgment which results in the creation of an interest in the real property on the ground that a contractor has furnished materials for the improvement of the property should be given the effect of an adjudication that in fact the materials have been incorporated in such improvement. We do not deal with that situation, and do not pass upon its consequences. In that case the contractor would at least have acquired an interest in real property in exchange for his title to personal property. Here the contractor has obtained nothing. The plaintiff has merely attempted to exercise a statutory right. It has given notice of claim to statutory lien, but attempt to enforce the lien has proven abortive. It has asserted that certain materials have been furnished under a con-

tract for the improvement of the real property. It has in fact never annexed some of these materials to the real property, and its assertion that the materials were furnished is not to be construed as an assertion that they have been installed in and become part of the real property. The Lien Law does not require a contractor to complete the contract before he files his notice of lien. On the contrary, it provides expressly that " notice of lien may be filed at any time during the progress of the work and the furnishing of the materials." (Section 10.) The notice must in appropriate cases include a statement of "materials actually manufactured for but not delivered to the real property." (Section 9.) Other provisions of the statute might be cited to support the inference that the Legislature did not intend that mere filing of notice of lien would itself result in conversion of personal property into real property; and in transfer of title from the owner of the personalty to the owner of the real property. Enumeration of difficulties arising from other construction seems superfluous. We conclude that the notice of lien in this case resulted in no transfer of title to the materials which the notice described as previously " furnished." The plaintiff owned them at that time. It continued to own them thereafter. The judgment of foreclosure merely wiped out any lien which might otherwise have resulted from the filing of notice. The purchaser at the foreclosure sale obtained title to the real property covered by the mortgages, and to nothing else. The defendant acted wrongfully when it took the plaintiff's personal property and annexed it to its real property.

The question still remains whether these circumstances give rise not only to a right of action in favor of the plaintiff against the defendant, but also to a lien upon the defendant's property for the value of the property so taken. The lien exists if the plaintiff " furnished " the materials " with the consent or at the request of the defendant owner." We have pointed out that the plain-

tiff originally " furnished " them upon the request of the Norab Realty Co., Inc., without defendant's consent or request. Thereafter the plaintiff stopped work on its contract because of the fault of the Norab Realty Co., Inc. It had the right to take away the materials it had previously " furnished." If it had done so, it could have " furnished " the same materials to this defendant or any other person. Its failure to remove the materials did not in any way constitute an abandonment of its control over them, and the defendant did not so understand. The defendant took the plaintiff's materials; the defendant used them in the improvement of its real property. The plaintiff undoubtedly could waive the tort and sue the defendant for the value of the materials in an action for goods sold and delivered. (*McGoldrick v. Willits*, 52 N. Y. 612.) The defendant, having taken the plaintiff's materials, cannot well urge that the materials so taken were not " furnished " to him by the plaintiff, and if " furnished " to him by the plaintiff and used by him in the improvement of his real property, the defendant certainly cannot be heard to say that they were not furnished with his consent or at his request.

Judgment of the Appellate Division should, therefore, be reversed and the judgment of Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., not voting.

Judgment accordingly.