JOSEPH CURRY, Doing Business as CURRY COMPANY, Respondent, v. GEIER CONSTRUCTION Co., INC., Appellant, Impleaded with FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.

Second Department, April 2, 1929.

*William Walzer* [*Raymond Gitlin* and *Hugo S. Mack* with him on the brief], for the respondent.

KAPPER, J. The East Eighteenth Street Realty Corporation was erecting three four-story buildings in the borough of Brooklyn, and in and around April, 1926, the plaintiff, pursuant to contract, installed in said three buildings three boilers for steam heating purposes. As to two of these boilers, with their fittings and connections, there is no controversy. To install these boilers, and

in particular the one in question, the hallway flooring of the building was left unfinished to permit the boiler to be placed on the concreted bottom of the cellar. The boiler was of a length of ten feet, a width of three feet six inches, and weighed five or six tons; and a derrick was utilized, and needed, to place this boiler in the spot reserved for it. At the time this was done the building was entirely inclosed and roofed over, and after the boiler had been placed upon its foundation in the cellar bottom, and upon four rods placed on the concrete for the purpose of receiving it, the said realty corporation closed up the main hallway floor opening through which the boiler had been lowered into place, this inclosure requiring the concreting of the hall floor, consisting of concrete archways. As stated, the boiler was installed in April, 1926. Early in 1927, and at which time the hallway had all been bricked or concreted in where the opening had originally been left to install the boiler, a foreclosure action was begun by mortgagees of the said property, and at a sale on April 4, 1927, the appellant became the purchaser and a deed was duly delivered to it by the referee on May 13, 1927. There is some dispute in the evidence — very slight, however, and the weight of it is with the appellant — as to some little attachments required in the operation of the boiler, such as intake and outlet pipes which were in the premises but wanted connecting up, the plaintiff contending that such connection had not been made at the time of the purchase of the property by the appellant, the latter showing to the contrary. When the appellant purchased on the foreclosure sale there was still something to be done on the buildings to finish them. Even assuming that the plaintiff is right about the actual steam pipe connections to the boiler which admittedly were installed as well as the boiler, the learned trial justice found: " That the plaintiff knew that the opening through which the boiler was brought into said premises was enclosed and sealed long prior to October, 1926, when the work on said premises ceased." It was also found: " That after said boiler was placed in said premises at said place, the 18th Avenue Realty Corporation, defendant's predecessor in title enclosed the opening through which said boiler was let down into the cellar, and that the main hallway of said premises is now where said opening was made."

It is not claimed that the appellant was not a purchaser of the real estate in good faith and without knowledge of any contract of sale of the boiler by plaintiff to said realty corporation. The best that plaintiff established was that on June 10, 1927, it made a demand upon the appellant, while the latter was finishing up the building, for a return of this boiler entombed as aforesaid. And

the theory upon which this demand was made is that the boiler, thus buried, was capable of being taken out before the appellant actually attached the steam pipes to the boiler; and so, with a willingness on plaintiff's part to do equity, it sought to obtain the value of the boiler from the appellant, less the sum it would cost to remove the hall floor and reconcrete it and brick it in again after the boiler would have been taken out. And the plaintiff has succeeded in this respect and a judgment for it has been rendered from which the appellant appeals.

The form in which this action is brought is for the foreclosure of a mechanic's lien. The lien having been bonded, the judgment contained the usual form in such cases and provided for a money recovery.

The right to maintain the action is founded upon the claim that the recent case of *Rapid Fireproof Door Co.* v. *Largo Corp.* (243 N. Y. 482) supports an action to foreclose a lien upon real property where the subsequent purchaser at foreclosure sale proceeded to complete the building and *utilized* therein materials that had been delivered by the lienor but which had not at the time of their utilization "been attached" to the property. If this boiler lay upon the street in front of the building, or at any other convenient place, before having been lowered to the cellar and there placed upon its bases (followed by the construction of the hall flooring), the cited case would probably apply to the present claim. But here the situation seems to me to be radically different. Among the findings made by the learned trial court, was this: "That at the time when plaintiff placed said boiler in said cellar, he intended that the same should remain there in said place for the purpose of connecting the same to the steam heating apparatus in said premises."

And this record shows that no thought was in plaintiff's mind that he had not parted with title to the boiler until his attorney informed him that the case cited (decided shortly before) would permit him to make a claim for the value of the boiler; and this, as above stated, was months after installation and flooring over of the hallway. The decision of the Special Term proceeds on the theory that the appellant "without the plaintiff's consent, took, used, adopted, appropriated and attached" the boiler in said building, the attachment really being nothing more than connecting up the steam pipes, except the replacement of some loose parts called "grates and steam trimmings."

An important feature of this case is the fact that no conditional bill of sale was filed, as provided by section 67 of the Personal Property Law (as added by Laws of 1922, chap. 642), nor is there any claim that such a condition was attached by the plaintiff upon the sale of the boiler to the realty corporation, its vendee. That

section, so far as material, provides: " If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

The Court of Appeals recently held in *Kohler Co.* v. *Brasun* (249 N. Y. 224) that a reservation of title in a vendor of fixtures, upon a failure to file the conditional sale contract, is void as against a purchaser of the property under foreclosure. In that case the fixtures consisting of an electric light plant could be removed " without injury to the building." (See same case in Appellate Division, 222 App. Div. 338, 339.) Speaking of this statute, Judge O'BRIEN, writing for the Court of Appeals (pp. 227, 228), said: " This section is designed for a double purpose. It protects buyers of real estate upon which some types of property are attached in such a manner as to render uncertain their character as realty or personalty. Equally, it operates as a protection to the conditional vendor of a fixture. A stove, a pump, a dynamo may be a chattel belonging to the owner of the realty or it may be so firmly fastened to the freehold as to constitute a part of it and yet, by reason of some agreement, may conditionally belong to its original owner. Such doubts respecting the character of this kind of property and its ownership can reasonably be entertained as may require prolonged litigation for their solution. The thing may be realty belonging to the vendor of the land or it may be personalty to which a reserved title may reside in a stranger. The statute informs the vendee of the land concerning his rights and duties. If he searches the office where land titles are recorded, he may find documents describing the fixture, its conditional owner and the circumstances under which it happens to be attached to the realty. If no such documents have been placed on file, the statute assures him that he may confidently purchase the fixture either as part of the realty or as a chattel belonging to the vendor of the realty. If the seller of this personal property files a copy of the conditional bill of sale and the brief statement as directed by the statute, his rights, likewise, are fully guarded. Section 67 provides a fair method for protection to all."

In *Cohen* v. *1165 Fulton Avenue Corporation* (222 App. Div.

378) the First Department of this court took a like view of the statute, the fixtures there consisting of gas ranges and cookers " attached in the usual and customary manner."

In the circumstances shown, I am of opinion that the title to this boiler passed with the realty and that the appellant by virtue of its purchase on the foreclosure became the owner thereof free from any claim or lien of the plaintiff. What the situation would have been had the plaintiff caused to be executed and filed a conditional bill of sale pursuant to the statute, we are not called upon to decide.

The judgment should be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs. Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and appropriate conclusions made.

LAZANSKY, P. J., RICH, CARSWELL and SCUDDER, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions will be made. Settle order on notice.