THE COMPOUND AND PYRONO DOOR COMPANY, Appellant, v. LOUIS KEIL, Respondent, Impleaded with A. PASQUINI, INC., and Others, Defendants.— Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to respondent to answer within twenty days from service of a copy of the order herein. In our opinion, the amended complaint states a sufficient cause of action for the foreclosure of plaintiff's lien. The plaintiff was a materialman, and, as the materials furnished by it were used in the improvements in question, it was entitled to a lien therefor under the facts here presented. The action is not for conversion, but to foreclose a lien upon a public improvement. As the defendant Keil appropriated the materials furnished by the plaintiff and installed them in the building, he is a necessary and proper party defendant, and plaintiff will be entitled to a lien upon any sum found due to him from the State under his contract. (*Rapid Fireproof Door Co.* v. *Largo Corp.*, 243 N. Y. 482.) Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ., concur.

MATTI FALKENBERG, Respondent, v. JOHN OSTMAN, Appellant.—Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ.

DAVID C. GOODMAN, Respondent, v. CRANADA TOWERS and Others, Defendants, Impleaded with NICK M. FELDHEIM and Another, Copartners Doing Business under the Firm Name and Style of MODEL TILE AND MARBLE COMPANY, and Another, Appellants.— Judgment reversed on the law and the facts and complaint dismissed as to these appellants, with costs, unless respondent stipulate, within ten days, to sell the property described in the complaint in two parcels, as described in the respective mortgages to which the defendants, appellants,' mechanic's liens were subject prior to the consolidation agreement: one for $30,000, upon which there was then due the sum of $18,756, and the other for $6,000; in which event the judgment is unanimously affirmed, without costs. The rights of the appellants, mechanics' lienors, were not affected by the consolidation of the mortgages upon different parcels of the plot of land described in the complaint subsequent to the filing of their liens. As to the amount due upon the respective mortgages at the time of the consolidation, the record discloses that that issue was tried, and we are of opinion that the finding of fact is supported by the evidence. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur. Settle order on notice.

MINNIE GREENBERG, Appellant, v. MORRIS GREENBERG and SAMUEL GREENBERG, as Executors, etc., of ABRAHAM GREENBERG, Deceased, in the Place and Stead of ABRAHAM GREENBERG, Deceased, Respondents.— Order denying plaintiff's motion to strike out the second defense affirmed, with ten dollars costs and disbursements. No opinion. The appeal from the order denying reargument is dismissed. Lazansky. P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.