MARGARET J. ROCHE, Appellant, v. EDWIN L. THURBER and Others, Defendants, Impleaded with SAMUEL SINGER, AMERICAN HOME HEATING Co., INC., and SAMUEL SINGER, Doing Business as AMERICAN HOME HEATING Co., Respondents.— Action to foreclose a mortgage, the lien of which covered " all fixtures and articles of personalty now or hereafter attached to or used in connection with the premises." Defendant Singer and others claimed a lien superior to the mortgage on the heating plant that was installed by virtue of a conditional sales contract duly filed, after the mortgage had been executed and recorded. The heating plant then in the building was removed and disposed of by Singer and others when the new heating plant was installed. The removal of the heating plant and the installation of the new one in its place were without the knowledge and consent of the mortgagee. There is no proof as to the condition of the heating plant removed, as to its value or sufficiency, or concerning the necessity of a new plant; nor is there any description either as to the manner of how these heating plants were affixed to the premises, or whether one or the other was severable therefrom without material injury to the freehold. Under the circumstances the vendor under the conditional sales contract cannot claim a superior lien under the provisions of section 67 of the Uniform Conditional Sales Law (Personal Property Law). By removing the heating plant already installed in the building without the consent of the mortgagee, the vendor impaired the security of the mortgage. It was incumbent on the vendor to prove that the heating plant removed was useless and of no value and that the heating plant installed was a chattel " having such a determinate character as a movable that it remains personal property." (*Washington Mortgage Corporation* v. *Forways Realty Corporation*, 235 App. Div. 642; affd., 260 N. Y. 595.) Therefore, as the record stands, the lien of the conditional vendor was subordinate to that of the mortgage. (*Curry* v. *Geier Construction Co., Inc.*, 225 App. Div. 498; *Central Chandelier Co.* v. *Irving Trust Co.*, 259 N. Y. 343; *McFadden* v. *Allen*, 134 id. 489; *Mechanics & Traders' Bank* v. *Bergen Heights Realty Corp.*, 137 App. Div. 45; Uniform Conditional Sales Law [Pers. Prop. Law], § 80-h.) Judgment modified by striking out the recital therein at folio 69 concerning the exception in respect to the steam heating plant, striking out the first decretal part of the judgment at folio 74 and striking from the fourth decretal part of the judgment at folio 78 the directions concerning the sale subject to the conditional bill of sale; and also striking from the second conclusion of law all that part thereof following the word " complaint " at folio 60; and as so modified the judgment is unanimously affirmed, with costs to the appellant. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ. Settle order on notice.

ANTONIO SANTAMARIA, Respondent, v. ELIZABETH BERGMAN, Appellant.— Order denying defendant's motion for an order to transfer this cause from the calendar of Special Term to that of the Trial Term, affirmed, with ten dollars costs and disbursements. The action is brought to recover specific collateral pledged with the defendant for plaintiff's debt to the former and is equitable in its nature. (*Lang* v. *Thacher*, 48 App. Div. 313.) Young, Carswell, Davis, Adel and Taylor, JJ., concur.