In the Matter of the Arbitration between HEATH ARMS, INC., Petitioner, and MAX KEMLER, Respondent.

Supreme Court, Special Term, Bronx County, February 25, 1955.

*Samuel E. Lepler* for petitioner.

*Henry Schantz* for respondent.

FRANK, J. In this proceeding, the petitioner seeks to stay the continuance of an action to foreclose a mechanic's lien entitled "Max Kemler, plaintiff, vs. Heath Arms, Inc., defendant", until the controversy between the parties is determined by arbitration. The petitioner is designated as "owner" and the respondent as "contractor" in a contract for construction work existing between them.

The contract contains an arbitration clause (Paragraph 18) which, in addition to other matters, provides that "the decision of the arbitrators upon any question subject to arbitration under this contract, shall be a condition precedent to any right of legal action".

The respondent commenced the action referred to above before requesting and apparently instead of resorting to arbitration. Thereafter the petitioner made a demand for arbitration and upon the failure of the respondent to accede now seeks to stay the action. In opposition to the instant application, the respondent contends that the issues involved in an action to foreclose a mechanic's lien are not subject to arbitration.

The Civil Practice Act (§ 1448) provides that "A controversy cannot be arbitrated * * * in either of the following cases: * * * 2. Where a controversy arises respecting a claim to an estate in real property, in fee or for life."

It has been held that a mechanic's lien gives the contractor or materialman an interest in the property improved (*Rapid Fireproof Door Co.* v. *Largo Corp.*, 243 N. Y. 482; *Schaghticoke Powder Co.* v. *Greenwich & Johnsonville Ry. Co.*, 183 N. Y. 306). Such an interest in real property, however, does not rise to the "estate in real property, in fee or for life" prohibited as a subject for arbitration. The Court of Appeals as early as 1863 held that the submission of a controversy involving "an *interest* in the farm or the proceeds thereof" was not a claim "in fee or for life" (*Palmer* v. *Davis*, 28 N. Y. 242, 249). This conclusion is fortified by the amendment to the section (L. 1941, ch. 288; L. 1940, ch. 851) which further clarifies the legislative intent in the term "estate in real property". The Court of

Appeals in the above-cited cases refers to a mechanic's lien as an " interest in real property ".

While there is a tendency to use the terms " estate " and " interest " synonymously, the distinction is significant. The Real Property Law (§ 30) definition states that " Estates in real property are divided into estates of inheritance, estates for life, estates for years, estates at will, and by sufferance." Section 31 defines estates in fee as estates of inheritance, and section 33 defines estates for life and in fee as freehold estates. The interest created by a mechanic's lien is not included. Thus it appears that section 1448 prohibits arbitration in only two of the various estates in real property, both defined by the Real Property Law as freehold estates.

The motion for a stay until arbitration has been had is therefore granted. Settle order.