■ ROBERT AQUILINO et al., Copartners Doing Business Under the Name of HOME MAINTENANCE CO., Respondents, v. UNITED STATES OF AMERICA, Appellant, et al., Defendant, and COLONIAL SAND AND STONE CO., INC., Respondent. (Action No. 1.) COLONIAL SAND AND STONE CO., INC., Respondent, v. UNITED STATES OF AMERICA, Appellant, et al., Defendants, and HOME MAINTENANCE COMPANY, Respondent. (Action No. 2.) — In two actions brought respectively by respondents Aquilino and Spero, copartners, and Colonial Sand and Stone Co., Inc., to foreclose mechanics' liens against real property owned by one Ada Bottone, named as a defendant therein, the appeal is by the United States of America from an "order and judgment", which granted motions made by respondents for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, denied the cross motion of appellant for summary judgment, and directed the county clerk of Westchester County to pay over to respondents the money deposited by Bottone to discharge the liens against her property, pursuant to section 20 of the Lien Law. Order and judgment unanimously affirmed, without costs. Respondents are subcontractors who contracted with defendant Fleetwood Paving Corporation, the general contractor, to furnish labor and materials for the improvement of the real property owned by Bottone. It is conceded that by the filing of their respective notices of mechanic's liens they acquired valid liens against the real property to the extent of the amount earned by, and unpaid to, Fleetwood. It was not disputed that Bottone owed a balance of $2,200 to Fleetwood which she deposited in court to the credit of the actions. Appellant is the holder of liens against the property of Fleetwood by virtue of assessments for unpaid Federal taxes. Fleetwood had withheld wages from its employees for taxes, but had failed to turn over the money to the government. The assessments against Fleetwood were included in lists received in the office of the director of internal revenue, district of Albany, prior to the time when Fleetwood contracted with Bottone and, of course, prior to the time when Fleetwood was the owner of any claim against Bottone. A notice of Federal tax lien was filed by appellant against Fleetwood in the office of the clerk of the City of Mount Vernon, prior to the time when respondents' notices of lien were filed, but after respondents had furnished labor and material for the improvement of the real property involved. By the order and judgment appealed from priority was given to respondents' liens against the real property of Bottone, over the liens of appellant, which it was asserted attached to the debt owed by Bottone to Fleetwood. Appellant claimed no lien against the real property involved, nor against any property of respondents. The rationale of the determination at Special Term is that respondents, by virtue of their respective notices of lien, became statutory assignees of Bottone's indebtedness

to Fleetwood and were protected against the lien asserted by appellant until its notice of lien was filed in the proper office, which was held to be the office of the clerk of the County of Westchester. While it may be doubtful that appellant would have acquired any greater rights, or any rights whatever, by filing a notice of lien in the county clerk's office, since it had, and claimed, no lien against real property (Lien Law, § 240) or that respondents were, in a strict legal sense, the assignees of the indebtedness of Bottone to Fleetwood, we do not find it necessary to determine those questions. It may be assumed that appellant's notice of lien was properly filed, if indeed any filing was necessary as against respondents, or at least against respondents Aquilino and Spero, who are not judgment creditors (U. S. Code, tit. 26, §§ 3670, 3671, 3672, subd. [a]) and that its lien attached, as it asserts, to the debt owned by Bottone to Fleetwood. However, no such indebtedness existed when the assessment lists were received by the collector and, when the indebtedness now claimed by appellant arose, it was based upon labor performed and material furnished by respondents. In our opinion, there is, at present, no debt due from Bottone to Fleetwood, to which appellant's lien may attach. When respondents furnished labor and material for the improvement of Bottone's property with her consent, and thus enhanced its value, they acquired an interest therein to the extent of the value of the labor and materials furnished, subject to the limitation provided by section 4 of the Lien Law and, by filing their notices of lien, perfected their inchoate rights to such interest. (See *Kane Co.* v. *Kinney*, 174 N. Y. 69, 73; *Schaghticoke Powder Co.* v. *Greenwich & Johnsonville Ry. Co.*, 183 N. Y. 306, 310; *Rapid Fireproof Door Co.* v. *Largo Corp.*, 243 N. Y. 482, 486.) Having commenced actions to enforce their liens, they are entitled to judgment thereon, pursuant to the provisions of the Lien Law. Section 56 of that statute provides that any judgment rendered in an action to enforce such a lien shall provide for payment to the lienor out of the proceeds of sale of real property, before any part of the proceeds shall be paid to the person for whom the lienor had performed labor or furnished materials. The funds deposited by Bottone were in this case substituted for her property, and must be distributed by the judgment in the same manner as if they were the proceeds realized on its sale. Appellant had no lien against the real property involved, nor does it have any lien upon the funds deposited in substitution therefor. Were it not for appellant's lien against the debt owed by Bottone to Fleetwood, Fleetwood would be entitled only to the balance of the money on deposit, after payment of the amounts necessary to discharge respondents' liens. Appellant, under the circumstances disclosed, is in no better position than Fleetwood would have been, if its right to recover against Bottone had not been subjected to appellant's lien. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. [See *post*, p. 810.]